**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-00717-CMA-BNB

BROKERS' CHOICE OF AMERICA, INC., and
TYRONE M. CLARK,

    Plaintiffs,

v.

NBC UNIVERSAL, INC.,
GENERAL ELECTRIC CO.,
CHRIS HANSEN,
STEVEN FOX ECKERT, and
MARIE THERESA AMOREBIETA,

    Defendants.

---

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER
DENYING PLAINTIFFS' MOTION TO COMPEL**

---

This matter is before the Court on Plaintiffs' Objections to the Magistrate Judge's Decision Denying Plaintiffs' Motion to Compel Disclosure (Doc. # 58). The Court overrules Plaintiffs' objections and affirms the magistrate judge.

## I. BACKGROUND

This case centers on Defendants' surreptitious recording, editing, and broadcasting a portion of Plaintiffs' October 2007 trade seminar on annuity sales. Plaintiffs contend that the broadcast portions were taken out of context, resulting in a false and defamatory portrayal of Plaintiffs' business practices. The Court dismissed Plaintiffs' original complaint without prejudice for failure to meet the pleading standards

announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009).  In connection with the filing of an amended complaint (Doc. # 39), Plaintiffs moved to compel disclosure of the entirety of the hidden camera footage recorded by Defendants (Doc. # 40).  Plaintiffs contend that this footage is necessary in order to plead precisely how Defendants took Plaintiffs' words out of context.

Magistrate Judge Boyd N. Boland denied Plaintiffs' motion to compel after briefing and a thorough hearing.  (Doc. ## 55-56.)  Specifically, the magistrate judge ruled that the footage was covered by the federal (common law) and Colorado state (statutory) reporters' privileges.  (Doc. # 57 at 27-28.)  To overcome these privileges, the magistrate judge noted that Plaintiffs had to show, *inter alia*, that the information sought was unavailable from any other source.  (*Id.*)  Because Plaintiff Clark personally gave the lecture in question, and because Plaintiffs admit they have recordings of similar lectures, the magistrate judge found that the information was available elsewhere and thus the footage was protected from disclosure.  (*Id.*)  Plaintiffs timely filed objections to this ruling.  (Doc. # 58.)

## II.  <u>STANDARD OF REVIEW</u>

As Plaintiffs' motion to compel sought resolution of a discovery dispute, the magistrate judge's order exclusively addressed non-dispositive pretrial matters.  A district court's review of such an order is governed by 28 U.S.C. § 636(b)(1)(A).  Under that provision, the district court may reconsider any pretrial matter where a party

shows that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### III.  ANALYSIS

Plaintiffs advance three objections to the magistrate judge's ruling. First, Plaintiffs contend that the magistrate judge erred in applying the federal and state privileges in light of the United States Supreme Court's decision in *Herbert v. Lando*, 441 U.S. 153 (1979). (Doc. # 58, ¶ 3.) A brief background on those privileges is in order. Federal courts have recognized that the First Amendment grants reporters a qualified privilege to avoid compelled disclosure of their materials. *Re/Max Int'l, Inc. v. Century 21 Real Estate Corp.*, 846 F. Supp. 910, 911 (D. Colo. 1994) (citing *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 437 (10th Cir. 1977)); *see also Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (noting that eight of the nine federal circuits to have decided the question have recognized a qualified privilege, citing *Silkwood*). "To overcome the newsperson's privilege under the First Amendment, the party seeking information from a reporter has the burden of showing that 1) the information sought is centrally relevant and 2) the information is unavailable from other sources." *Re/Max*, 846 F. Supp. at 911. Colorado has codified a similar, qualified privilege. *See* C.R.S.

§ 13-90-119(2). In order to compel disclosure under the Colorado statute, a party must show:

> (a) That the news information is directly relevant to a substantial issue involved in the proceeding;
>
> (b) That the news information cannot be obtained by any other reasonable means; and
>
> (c) That a strong interest of the party seeking to subpoena the newsperson outweighs the interests under the first amendment to the United States constitution of such newsperson in not responding to a subpoena and of the general public in receiving news information.

*Id.* § 13-90-119(3).

Plaintiffs contend that these privileges must yield under their reading of the *Herbert* case, which, Plaintiffs argue, held that "in a libel case disclosure of the editorial process of the libel defendant at the request of the libel plaintiff is not barred by the First Amendment because it is necessary to balance the onerous burdens of proof imposed on the plaintiff." (Doc. # 58, ¶ 3.)[1] Thus, under Plaintiffs' interpretation, "neither the First Amendment as construed in federal common law nor any state-created privilege based on it can be invoked as a barrier to disclosure of evidence of the editorial process of a media defendant in a defamation action." (*Id.*) Plaintiffs misconstrue *Herbert*.

The issue in *Herbert* was whether there existed an *absolute* privilege against inquiry into the editorial process, a question the Supreme Court answered in the

---

[1] It is not clear whether Plaintiffs are challenging the constitutionality of the Colorado statute. If so, they were required to file a notice of constitutional question pursuant to Fed. R. Civ. P. 5.1(a). The Court is unaware of any such notice filed in this case.

negative.  *Id.* at 169 ("[A]ccording an absolute privilege to the editorial process of a media defendant in a libel case is not required, authorized, or presaged by our prior cases . . . ."). The Court did not pass on the question of whether a *qualified* privilege, by which a party's need for information is balanced against a reporter's claim that such information is constitutionally protected, was permissible.  If anything, the Court suggested that it was.  *See Herbert*, 441 U.S. at 174 ("This is not to say that the editorial discussions or exchanges have no constitutional protection from casual inquiry."); *cf. id.* at 179-80 ("[W]hen a discovery demand arguably impinges on First Amendment rights a district court should measure the degree of relevance required in light of both the private needs of the parties and the public concerns implicated . . . . [T]he District Court must ensure that the values protected by the First Amendment, though entitled to no constitutional privilege in a case of this kind, are weighed carefully in striking a proper balance.") (Powell, J., concurring). In short, nothing in *Herbert*'s holding or reasoning precludes a qualified, balanced privilege as a constitutional matter.  *See also Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 594 (1st Cir. 1980) (noting that "despite th[e] refusal to give doctrinal recognition to any automatic, categorical, across-the-board privileges," the *Herbert* Court did not "suggest the opposite, that the interests underlying the asserted privileges were a priori and by definition beyond the pale of any protection"); *Downey v. The Coalition Against Rape and Abuse, Inc.*, No. 99-3370, 2003 WL 23164082, at *4 (D.N.J. Apr. 10, 2003) ("[T]he Supreme Court in *Herbert* did not hold that the First Amendment provided *no* privilege to a newspaper

person. Rather, the Supreme Court held that the evidentiary privilege accorded to a newspaper person is not absolute. In addition, . . . *Herbert* did not abrogate a journalist's federal common law protection.") (emphasis in original). Such a privilege does not erect the sort of "impenetrable barrier" rejected by the *Herbert* Court. 441 U.S. at 170. The magistrate judge's application of well-recognized, qualified federal and state privileges was not clearly erroneous or contrary to law.

Plaintiffs' second objection is that the magistrate judge erred in concluding that the information in question was available from alternative sources. (Doc. # 58, ¶¶ 2, 4.) However, as Plaintiffs admit in re-pleading their complaint, the lecture recorded by Defendants is one given "regularly" by Plaintiff Clark himself, and the lectures "all adhere closely to the same topical outline and substantive content with occasional, minor deviations." (Doc. # 39, ¶ 65.) Presumably, Plaintiff Clark knows what he says at his own recurrent lectures. Moreover, Plaintiffs have a recording of one of these similar lectures, which they used to plead context in the amended complaint. (*Id.*; *see also id.*, ¶¶ 69-115.) Under these circumstances, the Court cannot say that the magistrate judge clearly erred in his finding.

Plaintiffs' final objection is to the magistrate judge's overall conclusion; Plaintiffs assert that discovery of the footage is appropriate even if Colorado's statutory reporters' privilege applies. (Doc. # 58, ¶ 5.) The Court's rulings on the prior objections disposes of this claim as well. As the magistrate judge did not err in ruling that the information contained in the footage was available from other sources – an essential element to

6

overcoming Colorado's statutory protections, C.R.S. § 13-90-119(3)(b) – the magistrate judge did not err in barring discovery.

## IV. **CONCLUSION**

For these reasons, the Court overrules Plaintiffs' objections. The Court notes that Plaintiffs' motion was made prior to any ruling on Defendants' pending motion to dismiss the amended complaint. Defendants' counsel has suggested that the footage will be turned over to Plaintiffs if their motion to dismiss is unsuccessful. The Court expresses no opinion as to whether disclosure would be required if the amended complaint survives Defendants' motion to dismiss.

Accordingly, it is

ORDERED that Plaintiffs' Objections to the Magistrate Judge's Decision Denying Plaintiffs' Motion to Compel Disclosure (Doc. # 58) are OVERRULED. It is

FURTHER ORDERED that Defendants' Unopposed Motion for Leave to File a Brief in Opposition to Plaintiffs' Objections (Doc. # 62) is DENIED as MOOT.

DATED: January __27__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge