IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00717-CMA-BNB

BROKERS' CHOICE OF AMERICA, INC., and
TYRONE M. CLARK,

    Plaintiffs,

v.

NBC UNIVERSAL, INC.,
GENERAL ELECTRIC CO.,
CHRIS HANSEN,
STEVEN FOX ECKERT, and
MARIE THERESA AMOREBIETA,

    Defendants.

---

**OPPOSED MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS**

---

Defendants, by their attorneys, Thomas B. Kelley and Gayle C. Sproul of Levine Sullivan Koch & Schulz, L.L.P., and Hilary Lane, Esq., Senior Vice President, Litigation, NBC Universal, Inc., pursuant to § 13-17-201, C.R.S., hereby move this honorable Court to award the defendants their reasonable attorneys' fees for all aspects of the defense of the plaintiffs' state tort claims and related general tasks.

Further, pursuant to 42 U.S.C. § 1988, the defendants request that this honorable Court award them their reasonable attorneys' fees and costs with respect to all tasks dedicated to the defense of the plaintiffs' purported claim for relief under the Civil Rights Act of the United States, 42 U.S.C. § 1983.

Pursuant to D.C.COLO.LCivR 7.1.A, the undersigned certifies that he has conferred with John Walsh, Esq., counsel for plaintiffs, and is authorized by Mr. Walsh to advise the Court that the plaintiffs oppose the relief requested in this Motion.

As grounds for this motion, the defendants show to the Court:

## COURSE OF THE PROCEEDINGS

This was an action in which the plaintiffs, in their Complaint and Jury Demand filed March 31, 2009, sought to recover damages on theories of defamation (First Cause of Action), trespass (Second Cause of Action), fraud (Third Cause of Action), invasion of privacy by intrusion (Fourth Cause of Action), and violation of civil rights pursuant to 42 U.S.C. § 1983 (Fifth Cause of Action). All claims arose from the defendants' broadcast of a program on *NBC Dateline* that, through defendants' undercover investigation of the plaintiffs' training sessions for salesmen of market-indexed annuities, exposed the plaintiffs as teaching unethical and misleading sales practices in the sale of such annuities to senior citizens. With respect to the civil rights cause of action pursuant to 42 U.S.C. § 1983, the plaintiffs contended that defendants were state actors because the State of Alabama had assisted the defendants in obtaining provisional licenses authorizing them to sell annuities, as required in order to obtain admission to the plaintiffs' training sessions. The plaintiffs sought damages "expected to exceed $20 million" on each cause of action, plus punitive damages, costs, and attorneys' fees.

On June 1, 2009, the defendants moved to dismiss the plaintiffs' Complaint and Jury Demand pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for

2

failure of the plaintiffs to allege facts that plausibly demonstrated any factual falsity in the defendants' broadcast, as required to sustain any and all of the plaintiffs' claims. Defendants asserted other grounds applicable to the non-defamation state tort causes, and, as to the civil rights claim, the absence of state action, or conduct actionable under the Civil Rights Act (Doc. No. 10).

On June 9, 2009, the defendants filed their Motion to Stay Discovery pending determination of their Motion to Dismiss (Doc. No. 12). That motion was opposed by the plaintiffs and heard by the Court on July 10, 2009. The Court entered a temporary stay of discovery and took the issue of a permanent stay under advisement.

On October 22, 2009, this Court issued a bench ruling dismissing all of the plaintiffs' claims for relief without prejudice on the grounds which had been asserted by the defendants. As to the element of "state action" for purposes of the Civil Rights Act claim, this Court ruled that there were "no non-conclusory allegations that the state was in any way involved in the production of the program, itself, and it is the program that was the conduct that allegedly . . . caused the damages." *See* Tr. of Bench Ruling, Oct. 22, 2009, at pp. 24-25. Following the Court's ruling, the plaintiffs requested and were allowed thirty days in which to file an Amended Complaint in which the plaintiffs could attempt to replead the tort and civil rights causes of action. *Id.* at 26. The Court further ordered that the stay of discovery would remain in effect. *Id.* at 26-27.

On November 20, 2009, the plaintiffs filed their Amended Complaint and Jury Demand (Doc. No. 39), alleging a defamation claim and civil rights violations. The additional allegations pertaining to the civil rights claims were limited to allegations

3

concerning further involvement by Alabama officials in the defendants' planning for the undercover investigation of the plaintiffs' training sessions. *Id.* ¶ 52. The defendants responded again with a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 49), asserting that the Amended Complaint was deficient for the same reasons ascribed by the Court in dismissing the original Complaint.

On November 20, 2009, the plaintiffs filed a Motion to Compel Disclosure by Defendant NBC Universal, Inc. (Doc. No. 40), in which they sought to require the defendants to produce the unbroadcast portions ("outtakes") of their recordings of the plaintiffs' training sessions. That motion was opposed by the defendants, and, after a hearing held on January 7, 2010, Magistrate Judge Boland denied the relief requested. That order was affirmed by the Court on January 27, 2010 (Doc. No. 63).

On January 11, 2011, the Court granted the defendants' Motion to Dismiss, dismissing the entire action with prejudice, pursuant to a written opinion (Doc. No. 77). The Court's order of dismissal expressly stated that the dismissal was pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* at 24-25. As to the civil rights claim, this Court ruled that the plaintiffs had failed to allege state involvement in the conduct that gave rise to the plaintiffs' damages. *Id.* at 19-24. A final Judgment of Dismissal With Prejudice was entered on January 14, 2010 (Doc. No. 79).

**ARGUMENT**

I.   **UNDER COLORADO LAW, THIS COURT IS REQUIRED TO AWARD REASONABLE FEES AND COSTS REASONABLY NECESSARY TO THE DEFENSE OF THE STATE LAW CLAIMS ASSERTED IN THIS ACTION**

Under Colorado law, applicable to the plaintiffs' four state law claims in this action, when a court dismisses an action pursuant to subsection (b) of Rule 12 of the Federal Rules of Civil Procedure, the defendants are entitled, as a matter of right, to an award of their reasonable attorneys' fees and costs in defending the action.  Such relief is mandated by § 13-17-201, C.R.S., which provides:

> In all actions brought as a result of . . . an injury to person or property occasioned by the tort of any other person, where such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

The award is mandatory and not discretionary.  *See Crandall v. City of Denver,* 238 P.3d 659, 660 (Colo. 2010) (fee award is mandatory upon dismissal pursuant to C.R.C.P. 12(b)); *State v. Golden's Concrete Co.*, 962 P.2d 919, 925-26 (Colo. 1998) (*en banc*) (fee award is mandatory when state law tort claims are dismissed); *Barnett v. Denver Publ'g Co.*, 36 P.3d 145, 148 (Colo. App. 2001) ("[B]ecause we have concluded that the trial court properly dismissed Barnett's [libel] claim under C.R.C.P. 12(b)(5), it was **required** to award attorneys' fees to *The Rocky Mountain News*.") (emphasis added); *Wilson v. Meyer*, 126 P.3d 276, 284 (Colo. App. 2005) (an award of attorneys' fees is mandatory when a trial court dismisses an action under C.R.C.P. 12(b)).

This section equally applies when state tort law claims are brought and dismissed in federal court.  *Jones v. Denver Post Corp.*, 203 F.3d 748, 756-57 (10th Cir.

5

2000) (§ 13-17-201 is substantive in nature and applies to state law claims brought in federal court on the basis of diversity of citizenship). The statute applies when the dismissal occasioned by the defendant's Rule 12(b)(6) motion involves dismissal of both tort and non-tort claims. *See Torres v. Am. Family Mut. Ins. Co.*, 606 F. Supp. 2d 1286, 1292 (D. Colo. 2009). Although § 13-17-201, C.R.S., does not apply to a claim under the Civil Rights Act, 42 U.S.C. § 1983, *State v. Golden's Concrete Co.*, 962 P.2d at 926, the defendants are entitled to recover all fees that were necessarily incurred in defending the action that are not specifically dedicated to the civil rights claim. *Dubray v. Inter-Tribal Bison Coop.*, 192 P.3d 604, 607 (Colo. App. 2008) (apportionment between tort and non-tort claims not warranted where "defendants would have incurred the same, or nearly the same, fees had the case involved only the tort claims"). Recoverable fees are not limited to tasks required in preparing the motions to dismiss, but applies to all tasks necessary in defending the action. *Id.* ("Nor are we persuaded that defendants were entitled to recover only the attorney fees incurred in preparing the motion to dismiss. Section 13-17-201 does not so limit an award and instead expressly authorizes 'attorney fees in defending the action.'"). *See also General Steel Domestic Sales, LLC v. Denver/Boulder Better Business Bureau*, Case No. 1:07-cv-01145-DME-KMT (Ebel, J., Order of May 8, 2009) (copy attached).

**II.    THE DEFENDANTS ARE ENTITLED TO AN AWARD OF THEIR TOTAL REASONABLE ATTORNEYS' FEES IN THE AMOUNT OF $421,474.50**

   **A.    "Lodestar" Approach for Determining Recoverable Attorneys' Fees**

In determining the amount of a reasonable attorneys' fee under Colorado law, the Court is to apply the "lodestar" approach in which the Court determines the product of

6

the reasonable amount of hours spent in defending the action, and the reasonable hourly rates of the attorneys who worked on the matter, which constitutes a presumptively reasonable amount for an award of attorneys' fees under § 13-17-201, C.R.S.  *See Balkin v. Telluride Mountain Title* Co., 8 P.3d 581, 587-88 Colo. App. 2000).

The defendants' attorneys and legal assistants at Levine Sullivan reasonably expended 837.7 hours in the defense of this action and in-house counsel, Hilary Lane, expended 294.5 hours, for a total of 1,132.2 hours through January 31, 2011.  Of that total, 311.24 hours were dedicated to tasks that would not have been necessary but for the plaintiffs' Fifth Claim for Relief asserted under 42 U.S.C. § 1983.  See Declaration of Thomas B. Kelley ("Kelley Decl.") ¶ 14.  Accordingly, a subtotal of 820.96 hours are compensable under Colorado law for defense of the state law tort claims that were dismissed pursuant to Rule 12(b) as more particularly addressed below.  *See Torres*, 606 F. Supp. 2d at 1292; *Dubray*, 192 P.3d at 607.  The value balance of 311.24 hours expended in defense of the civil rights claim should be allowed pursuant to 42 U.S.C. § 1988.  The hourly rates that should be applied to both sets of hours are addressed below.

III. **THE HOURLY RATES SOUGHT BY THE DEFENDANTS FOR THEIR DEFENSE COUNSEL ARE REASONABLE, BASED UPON PREVAILING RATES IN THE DENVER AREA, THE SKILL AND EXPERIENCE OF THE ATTORNEYS WHO PERFORMED THE TASKS THAT LED TO THE DISMISSAL OF THIS ACTION, THE COMPLEXITY OF THE MATTER, AND THE RELATIVE SUCCESS OF THE EFFORTS BY DEFENDANTS' COUNSEL**

The defendants seek an award based upon hourly rates of $425 for the senior attorneys involved in the case, Thomas B. Kelley, Gayle C. Sproul, and Hilary Lane, of $425 per hour.  For the time of the associate attorneys who also performed tasks that

resulted in the dismissal of the action, Amanda M. Leith and Adam M. Platt, the defendants seek the sum of $320 and $285 per hour, respectively.  For the time of the legal assistants who contributed to the defense effort, the defendants seek to recover $50 per hour.  These hourly rates are reasonable in light of the prevailing rates charged for similar services in the marketplace of this District, the experience and skill of the attorneys who performed the necessary tasks, the relative complexity of the legal issues that resulted in the dismissal of the case pursuant to Rule 12(b), and by the success of the outcome.

### A. Prevailing Rates in the Market of this District

The defendants have established, through the Declaration of Thomas B. Kelley, that the hourly rate for the senior attorneys involved in this case, $425 per hour, is reasonable and well within the range of prevailing rates in the Denver area market for legal services.  Kelley Decl. ¶¶ 4, 8.  The hourly rate sought for the associate attorneys involved, Amanda M. Leith and Adam M. Platt, of $320 and $285 per hour respectively, is reasonable based upon the same criteria.  *Id.* ¶ 9.  The proposed rate of $50 for legal assistants approaches the lower end of reasonable rates for such services in this market.  *Id.*

### B. Skill and Experience of Attorneys Involved

The Declarations of Thomas B. Kelley, Gayle C. Sproul, and Hilary Lane, show that these attorneys bring to this case an advanced level of skill and experience with respect to the legal issues presented.  *See* Kelley Decl. ¶ 8; Decl. of Gayle C. Sproul ¶ 2; Decl. of Hilary Lane at ¶ 2.  For the skill and experience possessed by these

8

attorneys, an hourly rate of $425 per hour is reasonable. So too, for the associates in this market of the experience and skill of Amanda M. Leith, the hourly rate of $320 is reasonable based upon the same criteria, as is the rate of $285 per hour for Adam M. Platt. Kelley Decl. ¶¶ 6, 9.

### C.  Complexity of Issues

The Court may take judicial notice that the legal issues presented by the defendants' Motion to Dismiss pursuant to Rule 12(b)(6) were of greater than average legal complexity, calling upon the legal skills of counsel with the experience and background such as that possessed by the defendants' attorneys.

### D.  Results of the Litigation

The results in this case, dismissal of the entire action with prejudice pursuant to Rule 12(b)(6), support a full award for the reasonable time expended by counsel at reasonable hourly rates.

**IV.  THE DEFENDANTS ARE ENTITLED TO $303,135.50 AS REASONABLE ATTORNEYS' FEE FOR DEFENSE OF THE ACTION INSOFAR AS IT ALLEGED TORT CLAIMS ARISING UNDER COLORADO LAW, PURSUANT TO § 13-17-201, C.R.S.**

The defendants reasonably expended time on compensable tasks, in total, and allocated between State Law and General Tasks and Civil-Rights Dedicated Tasks, was follows:

| Timekeeper | Total Hours Expended | Value of Total Hours Expended | Value of Hours Expended on State Tort Law and General Tasks | Value of Hours Expended on Civil Rights- Dedicated Tasks |
|---|---|---|---|---|
| Thomas B. Kelley | 264.3 | $112,327.50 | $88,680.50 (208.66 hours) | $23,647.00 (55.64 hours) |
| Gayle C. Sproul | 294.5 | $125,162.50 | $87,613.75 (206.15 hours) | $37,548.75 (88.35 hours) |
| Hilary Lane | 294.5 | $125,162.50 | $87,613.75 (206.15 hours) | $37,548.75 (88.35 hours) |
| Amanda M. Leith | 28.1 | $8,992.00 | $2,304.00 (7.2 hours) | $6,688.00 (20.9 hours) |
| Adam M. Platt | 159.8 | $45,543.00 | $33,088.50 (116.1 hours) | $12,454.50 (43.7 hours) |
| Legal Assistants | 91.0 | $4,550.00 | $3,835.00 (76.7 hours) | $715.00 (14.3 hours) |
| TOTALS | 1,132.2 | $421,737.50 | $303,135.50 (820.96 hours) | $118,602.00 (311.24 hours) |

*See* Kelley Decl. ¶ 14. The defendants are entitled to recover $303,135.50 expended in defending the state law claims under § 13-17-201, C.R.S.

**V.   THE DEFENDANTS ARE ENTITLED TO $118,602.00 AS REASONABLE ATTORNEYS' FEES FOR WORK DEDICATED TO THE DEFENSE OF THE PLAINTIFFS' CLAIM PURSUANT TO THE CIVIL RIGHTS ACT, AS AUTHORIZED BY THE ATTORNEYS' FEES PROVISION OF THAT ACT CONTAINED 42 U.S.C. § 1988**

Under 42 U.S.C. § 1988, a court is authorized to award a "prevailing party" a reasonable attorney fee. Under the law of this Circuit and the United States Supreme Court, this Court may, in its discretion, award reasonable attorneys' fees to the

10

defendants, as prevailing parties, if it determines that the plaintiffs' civil rights claim was "frivolous, unreasonable, or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14-15 (1980); *V-1 Oil Co. v. Wyoming*, 902 F.2d 1482, 1490 (10th Cir. 1990); *Grusendorf v. City of Okla. City*, 816 F.2d 539, 544-45 (10th Cir. 1987). See also *Anthony v. Baker*, 767 F.2d 657, 667 (10th Cir. 1985) (bad faith not required to support valid award of attorney fees). When "controlling . . . precedent . . . leaves no doubt that" state action in the form of "joint participation" is not present, an attorney fee award to the defendant is justified. *Longmoor v. Nilsen*, 312 F. Supp. 2d 352, 362-63 (D. Conn. 2004).

In this case, the plaintiffs' civil rights claim, insofar as it attempted to allege that the defendants were state actors, was frivolous, unreasonable, and without foundation.

The plaintiffs attempted to plead "state action" under two tests recognized by the Tenth Circuit Court of Appeals in *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442 (10th Cir. 1995): the "nexus" test and the "joint action" test.

Under the "nexus" test, a private actor is a state actor "only when [the state] has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the state." *Blum v. Yaretski*, 457 U.S. 991, 1004 (1982) (refusing to hold New York State responsible for nursing home's patient transfer decisions, even though State subsidized operating costs and paid medical expenses of more than 90% of patients). In words of the Tenth Circuit, the "nexus" test "insures that the State will be held liable for constitutional violations only if it is responsible for the specific conduct of which the plaintiff complains." *Gallagher*, 49 F.3d at 1448.

11

The Tenth Circuit law is equally clear as to the "joint action" test. Joint action is "present if a private party is a willful participant in a joint action with the State or its agents. . . . [C]ourts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Gallagher*, 49 F.3d at 1453 (internal quotation marks and citations omitted). In such cases, a plaintiff must show that "both public and private actors share[d] a common, unconstitutional goal." *Sigmon v. Communitycare HMO, Inc.*, 234 F.3d 1121, 1126 (10th Cir. 2000). Indeed, a plaintiff must prove the existence of "a single plan, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences." *Fernandez v. Mora-San Miguel Elec. Co-op, Inc.*, 462 F.3d 1244, 1252 (10th Cir. 2006). The test requires more than allegations that the state and a private actor conspired to perform a given act, but also a demonstration that the parties conspired to perform that *in violation of the Constitution*. *See id.* at 1253.

In response to both the original Complaint and Jury Demand and the Amended Complaint and Jury Demand, this Court found that the plaintiffs had clearly failed this test, by alleging only cooperation between the State of Alabama and the defendants that did not involve the "specific conduct to which the plaintiffs complains," namely the defendants' broadcast that allegedly caused the plaintiffs to suffer damages. Moreover, the Court found that the State of Alabama and the defendants were not alleged to have a common goal related to the broadcast so as to satisfy the "joint action" test. *See* Tr. of Bench Ruling, Oct. 22, 2009, at 22-25; Order Granting Defs.' Mot. to Dismiss Pls.' Am. Compl. (Doc. No. 77) at 19-24. The Court observed that the absence of state

12

action in the circumstance was clear under dispositive precedent that was established before this action was commenced, citing *Anderson v. Suiters*, 499 F.3d 1228, 1234 (10th Cir. 2007) (cooperation between law enforcement and news media was not state action where there was no joint action toward a shared goal of constitutional deprivation).

The plaintiffs' failure to allege facts or even conclusions that would satisfy any of the tests of state action that have been clearly proscribed by the Tenth Circuit Court of Appeals was stark and obvious. So too, the plaintiffs' theory of state action was one that had been rejected under clearly established precedent. Thus, the plaintiffs' civil rights claim was frivolous, unreasonable, and without foundation. The defendants should be awarded their attorneys' fees for work dedicated to the defense of that Claim for Relief in the sum of $118,602.00.

## VI.   RESERVATION OF RIGHTS

The amounts requested in this motion include time for all timekeepers through the filing of this motion. Defendants reserve the right to supplement this motion to seek compensation for time subsequently expended in prosecuting this motion. They also reserve the right to seek reasonable attorneys' fees for the defense of any and all appeals that are taken from this Court's judgment. *See Wilson v. Meyer*, 126 P.3d at 284.

Respectfully submitted this 7th day of February, 2011.

By: *s/ Thomas B. Kelley*

| | |
|---|---|
| Hilary Lane | Thomas B. Kelley |
| NBC Universal, Inc. | LEVINE SULLIVAN KOCH & SCHULZ, L.L.P. |
| 30 Rockefeller Plaza | 1888 Sherman Street, Suite 370 |
| Room 1093E | Denver, Colorado 80203 |
| New York, New York 10112 | Phone - (303) 376-2400 |
| Tel.: (212) 664-2022 | Fax – (303) 376-2401 |
| Email: Hilary.Lane@nbcuni.com | Email: tkelley@lskslaw.com |

Gayle C. Sproul
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
2112 Walnut Street, Third Floor
Philadelphia, Pennsylvania 19103
Phone – (215) 988-9778
Fax – (215) 988-9750
Email: gsproul@lskslaw.com

*Attorneys for Defendants*
**NBC UNIVERSAL, INC., GENERAL ELECTRIC CO., CHRIS HANSEN, STEVEN FOX ECKERT and MARIE THERESA AMOREBIETA**

## CERTIFICATE OF SERVICE

I hereby certify that on this  7th   day of February, 2011, I electronically filed the foregoing **OPPOSED MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS** with the Clerk of the Court using the ECF/CM electronic filing system, which will send an electronic copy of this filing to the following counsel of record:

Counsel for Plaintiffs:

Thomas Edward Downey, Jr.
DOWNEY & MURRAY LLC
383 Inverness Parkway, Suite 300
Englewood, Colorado  80112
ted@downeymurray.com, sschield@downeylawpc.com

John J. Walsh
Larry F. Carnevale
Joshua E. Abraham
CARTER LEDYARD & MILBURN, LLP
2 Wall Street
New York, New York 10005
walsh@clm.com

	 *s/ Cynthia D. Henning*	
	Legal Administrative Assistant