***BROKERS' CHOICE OF AMERICA, INC., et al.***
***v.***
***NBC UNIVERSAL, INC., et al.***

Case No. 09-cv-00717-CMA-BNB

Opposed Motion for Award of Reasonable Attorneys' Fees and Costs

Courtesy Copy of Order of May 8, 2009
*General Steel Domestic Sales, LLC v. Denver/Boulder Better Business Bureau*
Case No. 1:07-cv001145-DME-KMT

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:07-cv-01145-DME-KMT
(Consolidated with Case No. 07-cv-02170)

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a GENERAL STEEL CORPORATION, a
Colorado limited liability company,

    Plaintiff,

v.

DENVER/BOULDER BETTER BUSINESS BUREAU,
a business membership organization, *et al.,*

    Defendants.

---

**ORDER ON DEFENDANTS BEERS/JARVIS' MOTION FOR
RECONSIDERATION OF JUDGMENT WITH RESPECT TO ATTORNEYS'
FEES AND MOTION FOR AWARD OF ATTORNEYS' FEES AGAINST
PLAINTIFF**

---

    This matter comes before the Court pursuant to Defendants Dana Beers, Sue Beers, and Kirk Jarvis ("Beers/Jarvis")'s Motion for Reconsideration of Judgment with Respect to Attorneys' Fees (doc. 333), Defendants Beers/Jarvis' Motion for Award of Attorneys' Fees Against Plaintiff (doc. 334), and Plaintiff General Steel Domestic Sales, LLC ("General Steel")'s response to each motion.[1]  Defendants are seeking an award of attorneys' fees pursuant to Colo.

---

[1] Defendants also submitted a reply brief in support of their motion for attorneys' fees.  The Defendants filed this brief on April 21, 2009, more than fifteen days after General Steel filed its response to Defendants' motion for

(continued...)

Case No. 1:09-cv-00717-CMA-NYW   Document 88-1   filed 02/07/11   USDC Colorado
                                        pg 3 of 10
Case 1:07-cv-01145-DME-KMT   Document 341   Filed 05/08/2009   Page 2 of 9

Rev. Stat. § 13-17-201.

**I.**

The pertinent facts are straight-forward.  On May 31, 2007, General Steel filed a Complaint asserting five claims against the Beers/Jarvis Defendants, among other defendants, including three claims under 42 U.S.C. § 1983 and two claims under the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*  (Doc. 1.)  The Beers/Jarvis Defendants moved to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6) (doc. 43), but, when the Court granted General Steel's motion for leave to file a second amended complaint, the Beers/Jarvis' motion to dismiss was denied as moot (doc. 146).

On August 26, 2008, General Steel filed a second amended complaint, this time asserting eight claims against the Beers/Jarvis Defendants, including the original five federal claims, as well as three new state tort claims, asserted under Colorado law, for interference with contract, interference with prospective business advantage, and fraud.  (Doc. 147.)  The Beers/Jarvis Defendants, once again, moved to dismiss all of these claims against them pursuant to Fed. R.

---

[1](...continued)
attorneys' fees, on April 3, 2009.  Therefore, the reply brief was untimely, see D.C.Colo.LCivR 7.1(C) ("The moving party may file a reply within 15 days after the filing date of the response, or such lesser or greater time as the court may allow."), and was not relied upon by the Court.
    General Steel's filed a motion to strike a portion of defendants' reply brief or in the alternative requested leave to file a sur-reply.  General Steel's motion is DENIED.

Civ. P. 12(b)(6). (Doc. 165.)  This motion to dismiss was substantially similar to the Defendants' original motion to dismiss; however, it added about two pages discussing the newly added state law claims.

By order dated March 2, 2009, the Court granted the Beers/Jarvis Defendants' motion to dismiss and dismissed with prejudice, for failure to state a claim, all eight claims against them.  (Doc. 329.)  The Court also ordered that each party shall bear its own costs and fees, and judgment was entered accordingly on March 9, 2009.  (Doc. 332.)  On March 23, 2009, the Beers/Jarvis Defendants filed the motions currently pending before the court.

The Beers/Jarvis Defendants' motion for reconsideration of the judgment, pursuant to Fed. R. Civ. P. 59(e), and motion for attorneys' fees are timely.  See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."); Fed. R. Civ. P. 54(d)(2) (a motion for attorneys' fees "must . . .  be filed no later than 14 days after the entry of judgment").

**II.**

The Beers/Jarvis Defendants, relying on C.R.S. § 13-17-201, request an award of "attorneys' fees incurred in defending against and successfully dismissing the three (3) state law tort claims alleged against them."[2] (Doc. 334

---

[2] In their untimely reply brief in support of their motion for attorneys' fees, Defendants argue that they are entitled to all of the attorneys' fees incurred in defending the entire action, including their expenses in defending the federal law
(continued...)

at 2.). Colo. Rev. Stat. § 13-17-201 provides

> [i]n all actions brought as a result of death or an injury to person or property occasioned by the tort of any other person or property, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending this action.

"The intent of the General Assembly in enacting section 13-17-201 was to discourage unnecessary litigation of tort claims." State v. Golden's Concrete Co., 962 P.2d 919, 925 (Colo. 1998).

Although section 13-17-201 only expressly applies to actions dismissed under Rule 12(b) of the Colorado Rules of Civil Procedure, the Tenth Circuit has concluded that the statute applies with equal force to actions dismissed in federal court pursuant to Fed. R. Civ. P. 12(b)(6), because attorneys' fees statutes are considered substantive. See Jones v. Denver Post Corp., 203 F.3d 748, 757 (10th Cir. 2000).

An award of fees under this Colorado statute requires that the entire action be dismissed against a defendant pursuant to a motion to dismiss. See Berg v. Shapiro, 36 P.3d 109, 113 (Colo. App. 2001). And, when section 13-17-201 applies, a district court must award attorneys' fees thereunder. See Wark v. Board of County Comm'rs of the County of Dolores, 47 P.3d 711, 717 (Colo.

---

[2](...continued)
claims and their expenses in the action before the complaint even was amended to include the state law claims. Because Defendants raised this argument for the first time in their reply brief, and because the reply brief was untimely filed, this Court will not consider this argument. Moreover, the Court notes that this argument is unpersuasive given, as discussed later in the order, that federal law on attorneys' fees preempts section 13-17-201's application to federal claims.

Case No. 1:09-cv-00717-CMA-NYW   Document 88-1   filed 02/07/11   USDC Colorado
Case 1:07-cv-01145-DME-KMT   Document 341   Filed 05/08/2009   Page 5 of 9
pg 6 of 10

App. 2002). An award of fees under section 13-17-201 does not apply, however, to federal § 1983 claims, because it is preempted by federal law. Golden's Concrete, 962 P.2d at 926 ("42 U.S.C. § 1988 preempts Colorado's attorney fees statute, section 13-17-201, regarding the award of attorney fees to a prevailing defendant on a section 1983 claim."). Likewise, section 13-17-201 does not apply to federal RICO claims because its application is preempted. Cf. Bethel v. United States, No. 05-cv-01336, 2006 WL 3262853, *1-2 (D. Colo. Nov. 9, 2006) (section 13-17-201 does not apply to claims brought under the Federal Tort Claims Act).

With these general principles in mind, it is initially necessary to consider whether this is the sort of action to which section 13-17-201 applies. In pertinent part, that statute applies "[i]n all actions brought as a result of . . . an injury to . . . property occasioned by the tort of any other person . . . ." Not only does this case involve state tort claims, which will ordinarily trigger section 13-17-201, but it also involves federal statutory claims under § 1983 and RICO. Although this case involves these federal claims, in addition to the state tort claims, the section 1983 and RICO claims, effectively sound in tort.[3]

---

[3] Even if this Court was of the opinion that the federal section 1983 and RICO claims did not sound in tort, the Beers/Jarvis Defendants still would be able to recover their reasonable attorneys' fees in defending the state tort claims. See Torres, 2009 WL 310889, *5 ("This Court finds that C.R.S. § 13-17-201 is applicable where both tort and non-tort claims are pled and dismissed under Rule 12."); Dubray v. Intertribal Bison Co-Op, 192 P.3d 604, 606 (Colo. App. 2008) (section 13-17-201 is applicable where six tort claims and two contract claims were asserted against defendants); Wark, 47 P.3d at 717 (section 13-17-201 is applicable to state law claims even though not applicable
(continued...)

-5-

Case No. 1:09-cv-00717-CMA-NYW   Document 88-1   filed 02/07/11   USDC Colorado
                                    pg 7 of 10
    Case 1:07-cv-01145-DME-KMT   Document 341   Filed 05/08/2009   Page 6 of 9

However, the Beers/Jarvis Defendants are not entitled to attorneys' fees incurred in defending the federal claims at issue here, because section 13-17-201 is preempted by federal law and the Beers/Jarvis Defendants did not request attorneys' fees under federal law.  See Golden's Concrete, 962 P.2d at 926 (section 13-17-201 is preempted by federal standards which govern request for attorney's fees after dismissal § 1983 claims); Wark, 47 P.3d at 717 (even though section 13-17-201 does not apply to dismissal of § 1983 claims, defendants still were entitled to an award of mandatory attorney's fees incurred in defending the state law claims).

This case was substantially one involving tort claims, the entire action was dismissed, and the dismissal was pursuant to Fed. R. Civ. P. 12(b).  Thus,

---

[3](...continued)
to federal § 1983 claim).  But see AST Sports Science, Inc. v. CLF Distribution Ltd., No. 05-cv-01549, 2006 WL 1991756 (D. Colo. July 14, 2006).

This conclusion is bolstered by the legislative intent of the statute and the Colorado Supreme Court's decision in Golden's Concrete, 962 P.2d at 925.  First, the legislative intent of section 13-17-201 "was to discourage unnecessary litigation of tort claims." Golden's Concrete, 962 P.2d at 925.  This intent is furthered in applying the mandatory attorneys' fees provision to tort claims even if the majority of the action does not sound in tort.  See Torres, 2009 WL 310889, *4 ("[T]his Court disagrees with *AST Sports Science's* conclusion that permitting fee awards in cases where the tort claim was a perfunctory add-on to primarily non-tort claims would not advance the legislature's intent.").  Second, the fact that the Colorado Supreme Court reached the issue of whether section 13-17-201 applied to federal claims, even though other claims in the action did not sound in tort (e.g. a statutory claim under Colorado's Administrative Procedures Act), leads to an inference that section 13-17-201 can apply when an action involves tort and non-tort claims.  Because if section 13-17-201 could not have applied in Golden's Concrete, because the action also involved non-tort claims, then there would have been no reason to consider whether section 13-17-201's application to the federal § 1983 claim was preempted.

Case No. 1:09-cv-00717-CMA-NYW   Document 88-1   filed 02/07/11   USDC Colorado
                                        pg 8 of 10
Case 1:07-cv-01145-DME-KMT   Document 341   Filed 05/08/2009   Page 7 of 9

defendants Beers/Jarvis are entitled to attorneys fees, pursuant to section 13-17-201, except for attorneys fees attributed to the federal claims, which are governed by federal law that preempts section 13-17-201.  Beers/Jarvis did not seek attorney's fees under federal.

## III.

Turning then to the Beers/Jarvis Defendants' motion for an award of attorneys' fees, Defendants assert that they are entitled to attorneys' fees, as pertaining to the defense of the state tort claims, in the amount of $13,298.00.  Defendants arrive at this figure by totaling the cumulative attorneys' fees in the entire action billed by their two attorneys, Shawn Mitchell and Paul Grant, and then multiplying by three-eighths, because three of the eight claims pled against them were state tort claims.

The Court, relying on the motion and the accompanying affidavits of Mr. Mitchell and Mr. Grant, is unable to find that this calculation of attorneys' fees is a reasonable estimate of the fees incurred in defending against the state tort claims.  See Fed. R. Civ. P. 54(d)(2)(B)(iii) (a motion for attorney's fees must "state the amount sought or provide a fair estimate of it").  Initially, it is inappropriate to include the fees billed by Defendants' first counsel, Mr. Mitchell, in any request for attorneys' fees.  Mr. Mitchell only represented Defendants before General Steel amended its complaint to assert state law claims against them; therefore, none of Mr. Mitchell's fees were incurred in defending the state tort claims.  Second, whether three-eighths of Mr. Grant's fees were incurred in

-7-

Case No. 1:09-cv-00717-CMA-NYW   Document 88-1   filed 02/07/11   USDC Colorado
Case 1:07-cv-01145-DME-KMT   Document 341   Filed 05/08/2009   Page 8 of 9
pg 9 of 10

defending against the state law claims is speculative. This case primarily was concerned with difficult and complex issues under section 1983 and RICO; the state law claims were an ancillary focus. This was evidenced by the minimal attention the state law claims received in Defendants' motion to dismiss and reply in support of their motion to dismiss the second amended complaint (only a total of four pages of discussion combined out of twenty pages), and the fact the district court's 55-page order only spent two pages addressing General Steel's tort claims against the Beers/Jarvis Defendants.

In order to recover attorneys' fees incurred in defending against the state law claims, the Beers/Jarvis Defendants must account for the exact time spent in defending against these state law claims, or a fair estimate of it.[4] Guesstimates and speculation are unacceptable.

Therefore, the Beers/Jarvis Defendants' motion for an award of attorneys' fees is denied at this time without prejudice. The Beers/Jarvis Defendants may re-file their motion for an award of attorneys' fees, in compliance with Federal and Local Rules, within 20 days of this Order.

---

[4] Section 13-17-201 provides for an award of "reasonable attorney's fees in defending the action"; there is no requirement that the client actually paid those fees before seeking judgment in that amount—the test is whether the fees are "reasonable." Cf. Martinez v. Roscoe, 100 F.3d 121, 124 (10th Cir. 1996) (Under 42 U.S.C. § 1988, courts have upheld award of reasonable attorneys fees when attorneys served *pro bono* and were not paid by a party. Further, the purpose of an award of attorney's fees is to sanction opposing party, and requiring opposing party to pay attorney's fees serves that purpose.)

## IV.

For the foregoing reasons, the Court ORDERS that the Beers/Jarvis Defendants' Motion for Reconsideration of Judgment with Respect to Attorneys' Fees (doc. 333) is GRANTED, and the Judgment shall be amended to provide that Dana Beers, Sue Beers and Kirk Jarvis are entitled to their attorneys' fees incurred in defending against the state law claims.

It is FURTHER ORDERED that the Beers/Jarvis Defendants' Motion for Award of Attorneys' Fees Against Plaintiff (doc. 334) is DENIED without prejudice to re-file within 10 days of this Order.

It is FURTHER ORDERED that the Plaintiff's Motion to Strike Beers/Jarvis' Enlarged Fee Request Set Forth in Reply Brief, or in the Alternative, for Leave to File Surreply (doc. 339) is DENIED.

DATED THIS 8th day of May, 2009.

BY THE COURT:

*s/ David M. Ebel*

David M. Ebel
U.S. Circuit Court Judge