IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00717-CMA-BNB

BROKERS' CHOICE OF AMERICA, INC., and
TYRONE M. CLARK,

    Plaintiffs,

v.

NBC UNIVERSAL, INC.,
GENERAL ELECTRIC CO.,
CHRIS HANSEN,
STEVEN FOX ECKERT, and
MARIE THERESA AMOREBIETA,

    Defendants.

## DECLARATION OF THOMAS B. KELLEY

I, Thomas B. Kelley, do hereby affirm, under penalty of perjury pursuant to the laws of the United States, that the assertions of this Declaration are true as stated below.

1. I am an attorney licensed to practice law in the State of Colorado since September of 1972. I have personal knowledge of the facts stated in this Declaration.

2. Since September of 1972, I have been engaged in the private practice of law, and my private practice has been primarily dedicated to representing members of the news media with respect to legal issues arising from the content of their publications. For twenty-nine years, I have had an "AV" rating from Martindale-Hubbell, and for more than twenty years, I have been listed in the publication, *Best Lawyers in*

*America*, under the specialty "First Amendment Law." I am nationally ranked in the area of "First Amendment litigation" by Chambers & Partners. I have defended media organizations in cases alleging defamation and related torts, including claims under the Civil Rights Act of the United States, in state and federal courts throughout the United States. My law firm, Levine Sullivan Koch & Schulz, L.L.P. ("LSKS"), is a national law firm specializing in representation of media organizations primarily with respect to content issues.

     3.     LSKS was retained by the defendants in this action to defend their interests and to work jointly with their Vice President, Litigation of defendant NBC Universal, Inc., Hilary Lane, Esq.

     4.     In defense of this matter, LSKS charged the defendants' hourly rate for work performed by various timekeepers. For work on this case, LSKS billed NBC Universal, Inc. at the rate of $425 per hour for senior attorneys Thomas B. Kelley and Gayle C. Sproul, $320 for associate attorney Amanda M. Leith and $285 for associate Adam Platt, and $50 per hour for legal assistants Marla D. Kelley, Jennifer Pinkerton-Burke, and Scott Bailey.

     5.     My colleagues, Gayle C. Sproul, Esq. and Hilary Lane, Esq., have submitted their Declarations attesting to their skill and experience in addressing the legal issues presented by the defendants' motions pursuant to Fed. R. Civ. P. 12(b)(6).

     6.     As of April 2009, when the work of LSKS on this case began, Amanda Leith, Esq. was an associate attorney with six years of experience with the work of the firm, and Adam Platt, Esq. was an associate attorney with two and one-half years of

experience in the practice of the undersigned at LSKS and the firm of White O'Connor Curry, L.L.P.

7. The undersigned has served as an expert witness concerning reasonable hourly rates charged by law firms in this jurisdiction before this Court and in state courts in Colorado. In connection with the determination of reasonable hourly rates to inform the billing practices of LSKS and prior firms in which I have been a partner, I have become familiar with hourly rates customarily charged by law firms in the Denver metropolitan area for the kind of work that was performed in the defense of this action.

8. The amounts that were billed to NBC Universal, Inc. for LSKS' work in the defense of this action were well within the range of reasonable rates charged by law firms in the Denver metropolitan area for comparable legal work. My partner, Gayle C. Sproul, is a lawyer with 26 years of experience in defending actions such as this one, who possesses skill and experience in her area of practice that is comparable to that of the undersigned. In preparing the legal papers required in the defense of this action, LSKS partnered with Hilary Lane, a senior attorney holding the position of Senior Vice President in the legal department of NBC Universal, Inc. Ms. Lane has submitted her declaration attesting to her considerable experience in addressing the issues presented by the plaintiff's Complaint, Amended Complaint, and the defendants' Motions to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. In my observation, the skill and experience brought to bear by Ms. Lane are equal to that provided by Ms. Sproul and myself, and should be compensated at the same rate of $425 per hour.

9. The hourly rates charged for associate attorneys Amanda Leith and Adam Platt of $320 and $285 per hour respectively, were likewise within the range of reasonable rates charged for similar services in the Denver metropolitan area. The rate charged by LSKS for the services of legal assistants of $50 per hour was at or near the bottom of the range of rates charged for such services in the Denver metropolitan area.

10. The time spent in this matter was largely comprised of work on moving and reply briefs on two extensive motions to dismiss, each of which required substantial analysis and argument. In addition, the defendants were obliged to move to stay discovery and to respond to the plaintiffs' motion to compel to discovery while those motions were pending. Thus, the tasks performed by LSKS in the defense of this matter included the following: analysis of factual and legal issues presented by the Complaint and Amended Complaint; factual investigation, including review of voluminous relevant documents, interviews with clients and witnesses, counseling of client concerning defense strategy, documentation retention, and preparation of defense plan; ascertainment of actions necessary to preserve the clients' rights under applicable laws of privilege for news information; analyzing the Court's requirements for case management and the availability of the remedy of a stay of discovery pending motion to dismiss; legal research concerning issues presented by all of the plaintiffs' claims for purposes of the defendants' Motion to Dismiss; drafting two Motions to Dismiss, incorporated legal authority; drafting of accompanying Declarations and submissions; drafting of two reply briefs in support of Motions to Dismiss; research and drafting of Motion for Stay of Discovery, and reply brief in support thereof; oral argument on the

defendants' Motion for Stay of Discovery; oral argument on the defendants' first Motion to Dismiss; briefing in opposition to the plaintiffs' Motion to Compel Disclosure of unbroadcast portions of the defendants' videotaping of the plaintiffs' training sessions; oral argument on plaintiffs' Motion to Compel; miscellaneous motion practice, including opposition to plaintiffs' Motion to Submit Supplemental Briefing.

11. In order to avoid duplication of effort, the defendants' counsel allocated various tasks among the team as follows:

   a. Amanda M. Leith and Adam M. Platt: initial and supplemental research concerning legal issues; assistance in final preparation and filing of court papers.

   b. Hilary Lane: research and supervision of research by associate attorneys in connection with issues presented by state tort defamation and civil rights claims, defendants' Motion to Stay Discovery, and plaintiffs' Motion to Compel Disclosures; drafting and editing of two briefs on each of the two Motions to Dismiss, two briefs on the defendants' Motion to Stay Discovery, and one brief on plaintiffs' Motion to Compel Disclosure; review and editing of work product by other members of defense team.

   c. Gayle C. Sproul: research and supervision of research by associate attorneys with respect to state tort and civil rights claims, Motion to Stay Discovery and opposition to plaintiffs' Motion to Compel Disclosure; drafting and editing of two briefs on each of the two Motions to Dismiss, two briefs on the defendants' Motion to Stay Discovery, and one brief on plaintiffs' Motion to Compel Disclosure; review and editing of work product prepared by other members of defense team.

   d. Thomas B. Kelley: general counseling concerning defense arguments; communications with opposing counsel; compliance with the Court's case management requirements; research and supervision of research by Adam Platt with respect to issues presented by Motion for Stay and plaintiffs' Motion to Compel Disclosure; review and editing of work product with a view to local practice concerns; preparation and presentation of all oral arguments; procedural motions and stipulations.

5

  e. Legal Assistants:  factual research; preparation of exhibits; drafting of tables and similar documents; cite checking, case history research, and proofreading of documents; electronic filing.

  12. I have allocated my time expended on this matter between two categories: (1) tasks dedicated to the plaintiffs' first four Claims for Relief that arise under Colorado law and tasks that are general to the defense and would have been incurred in whole or in substantial part if the plaintiffs had not alleged a fifth Claim for Relief for violation of civil rights under 42 U.S.C. § 1983 ("State Tort Law and General Tasks"); and (2) tasks that were dedicated to defense of the plaintiffs' Fifth Claim for Relief under the Civil Rights Act  ("Civil Rights-Dedicated Tasks").  I have made this allocation with respect to my own time entries, as well as those for associate attorneys Amanda Leith and Adam Platt, and for the legal assistants.  In their Declarations, Gayle C. Sproul and Hilary Lane have made similar allocations of their time.  To perform this allocation, I have studied all billing statements on this matter presented by LSKS to NBC Universal, Inc., and employed the following methodology:

  a. With respect to tasks that are general to the litigation, and do not address any substantive aspect of any particular Claim for Relief, I have placed all such entries into the State Tort Law and General Tasks category.

  b. With respect to time entries that reflect general attention to substantive aspects of the plaintiffs' Claims for Relief in connection with the defendants' Motions to Dismiss, but do not allocate work to specific Claims for Relief, I have allocated the time entry as follows:

    i. With respect to the first Motion to Dismiss, I have placed 80% of each such entry in the State Tort Law and General Tasks category.  This allocation is based upon the fact that the civil rights claim was only one of five Claims for Relief (20% in terms of the number of claims).  This allocation is conservative, because, as indicated by the briefs of the parties and this Court's October 22nd bench ruling on the first Motion to Dismiss, the First Claim

      for Relief for defamation, brought under Colorado law, dominated the attention of the parties and the Court.

    ii. With respect to the second Motion to Dismiss, 70% of the general substantive time entry is allocated to the State Tort Law and General Tasks Category.  The basis for this allocation was: although the second Motion to Dismiss was addressed to only two Claims for Relief, the vast majority of the work required was addressed to the defamation claim.  In contrast, the repleaded civil rights claim in the Amended Complaint and Jury Demand involved only minor additional factual allegations, and relatively little new work.  I made the same allocation for work performed in January 2011.

  c. I allocated the entirety of time entries indicating attention to the civil rights claims to the Civil Rights-Dedicated Tasks category.

  13. The results of my analysis of the billing statements of LSKS indicated that 45.64 of the 264.3 hours recorded by Thomas B. Kelley, 47.3 of the 159.8 hours recorded by Adam M. Platt, and 20.9 of the 28.1 hours recorded by Amanda M. Leith are to be allocated to Civil Rights-Dedicated Tasks.

  14. The table below provides (a) a computation of hours reasonably expended by timekeeper for the defendants in defending this entire action; (b) the number of hours expended by each member of the defense team on matters not dedicated to the civil rights claims; (c) the value of each of these categories based upon the hourly rates set forth in ¶ 4 above.

| Timekeeper | Total Hours Expended | Value of Total Hours Expended | Value of Hours Expended on State Tort Law and General Tasks | Value of Hours Expended on Civil Rights-Dedicated Tasks |
|---|---|---|---|---|
| Thomas B. Kelley | 264.3 | $112,327.50 | $88,680.50 (208.66 hours) | $23,647.00 (55.64 hours) |
| Gayle C. Sproul | 294.5 | $125,162.50 | $87,613.75 (206.15 hours) | $37,548.75 (88.35 hours) |
| Hilary Lane | 294.5 | $125,162.50 | $87,613.75 (206.15 hours) | $37,548.75 (88.35 hours) |
| Amanda M. Leith | 28.1 | $8,992.00 | $2,304.00 (7.2 hours) | $6,688.00 (20.9 hours) |
| Adam M. Platt | 159.8 | $45,543.00 | $33,088.50 (116.1 hours) | $12,454.50 (43.7 hours) |
| Legal Assistants | 91.0 | $4,550.00 | $3,835.00 (76.7 hours) | $715.00 (14.3 hours) |
| TOTALS | 1,132.2 | $421,737.50 | $303,135.50 (820.96 hours) | $118,602.00 (311.24 hours) |

15.     The defendants are willing to tender to the Court for *in camera* review the actual statements submitted by LSKS to NBC Universal, Inc. billing the foregoing amounts, but request that the defendants not be required to share those statements with opposing counsel, inasmuch as they reveal work product information.

16.     The foregoing hours expended by the timekeepers involved in this case, as set forth above, are reasonable, and the billing of those hours reflected reasonable billing judgment by the attorneys involved in the case.  The hourly rates at which the foregoing hours were billed are, as set forth above, within the range of reasonable

charges by lawyers in this District performing tasks of similar complexity and requiring similar skill.  Accordingly, the defendants seek reasonable attorneys' fees in the total sum of $421,737.50.  In the alternative, the defendants seek recovery of the reasonable attorneys' fees required to be awarded under Colorado law, § 13-17-201, C.R.S., in the total sum of $303,135.50.

17. The above summaries include time for all timekeepers through January 2011.  Defendants reserve the right to supplement this submission to seek compensation for time subsequently expended in prosecution of this Motion.  They also reserve the right to seek reasonable attorney fees for the defense of any and all appeals that are taken from this Court's judgment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  February 7, 2011

                                                 *s/ Thomas B. Kelley*
                                                 Thomas B. Kelley