## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-717-CMA-NYW

BROKERS' CHOICE OF AMERICA, INC., and
TYRONE M. CLARK,

    Plaintiffs,

v.

NBC UNIVERSAL, INC.,
GENERAL ELECTRIC CO.,
CHRIS HANSEN,
STEVEN FOX ECKERT,
MARIE THERESA AMOREBIETA,

    Defendants.

_____

### ORDER ON MOTION FOR DISCOVERY ON FACTS ISUUES RELEVANT TO GENERAL ELECTRIC CO.'S PENDING MOTIONS
_____

Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiffs Brokers' Choice of America, Inc. ("Brokers' Choice") and Tyrone M. Clark ("Mr. Clark") (hereinafter collectively "Plaintiffs") Motion for Rule 56(d)(2) Discovery on Fact Issues Relevant to Defendant General Electric Co.'s Pending Motions, filed on May 7, 2015 [#139] (the "Motion for Discovery"). Pursuant to the Order Referring Case dated April 7, 2009 [#3], the Reassignment dated February 10, 2015 [#138], and the Memorandum dated May 4, 2015 [#140], the Motion for Discovery is before this Magistrate Judge. Having considered the Motion for Discovery and Defendants' Response [#141], the case file in the instant action, the applicable case law, and finding that oral argument would not materially assist in its

disposition, the court hereby for the reasons set forth herein ORDERS that the Motion for Discovery be DENIED.

## BACKGROUND AND RELEVANT PROCEDURAL HISTORY

### I.     Plaintiffs' Original Complaint.

Plaintiffs Brokers' Choice of America, Inc. ("Brokers' Choice") and Tyrone M. Clark ("Mr. Clark") (hereinafter collectively "Plaintiffs") filed their original Complaint in this matter on March 31, 2009. [#1]. Below, the court recites certain allegations from Plaintiffs' original Complaint, which remain relevant to the disposition of the pending Motion for Discovery.

According to the Complaint, this case arises out of a broadcast in the spring of 2008 on NBC Universal, Inc.'s ("NBC Universal") *Dateline NBC* (a news magazine focused on investigation and exposes) entitled "Tricks of the Trade." [*Id.* at ¶¶ 9, 25]. Plaintiffs allege that the broadcast "defamed Plaintiff Tyrone M. Clark and the company he founded, Plaintiff Brokers' Choice of America." [*Id.*].

The broadcast consisted of investigative journalism targeted at a "private educational class concerning insurance products" offered by Mr. Clark. [*Id.* at ¶¶ 9-11]. Because the seminar was limited to licensed insurance agents, in the process of preparing to compose the broadcast, Dateline NBC producers Steven Fox Eckert ("Mr. Eckert") and Marie Theresa Amorebieta ("Ms. Amorebieta") obtained insurance producer licenses from the state of Alabama. [*Id.* at ¶ 11]. They then subsequently traveled to Colorado in the fall of 2007 and attended a seminar offered by Mr. Clark on October 25th and October 26th and surreptitiously recorded portions of the seminar. [*Id.* at ¶ 24]. According to the Complaint, the eventual April 13, 2008 "Tricks of the Trade"

broadcast, narrated by Dateline reporter Chris Hansen, misleadingly represented the contents of Mr. Clark's teachings during the October of 2007 seminar. [*Id.* at ¶¶ 64-82].

Based on these and other allegations, Plaintiffs asserted claims for defamation, trespass, invasion of privacy, and a 42 U.S.C. § Section 1983 claim for violation of Plaintiffs' Fourth and Fourteenth Amendment rights. [*Id.* at ¶ 16]. The named Defendants consisted of Dateline producers Mr. Eckert and Ms. Amorebieta, Dateline reporter Chris Hansen, NBC Universal, and General Electric Company ("GE"). [*Id.* at ¶¶ 3-7]. GE was alleged to be a controlling owner of NBC Universal, with an 80% share of the company. [*Id.* at ¶ 4]. A GE official also allegedly stated that it regarded NBC Universal employees as "its own." [*Id.* at ¶ 53].

On June 1, 2009, Defendants filed a Motion to Dismiss pursuant to Fed. Rule Civ. P. 12(b)(6) as to Plaintiffs' original Complaint. [#10]. The Motion to Dismiss included an argument that the original Complaint was devoid of allegations sufficient to maintain suit against GE based on vicarious liability, and that because of this purported pleading deficiency, GE should be dismissed from the case. [*Id.* at 43-44].

On October 23, 2009, this court found that Plaintiffs' original Complaint failed to state a viable defamation claim, and that Plaintiffs' additional claims for trespass, invasion of privacy, and (under Section 1983) for violation of Plaintiffs' Fourth and Fourteenth Amendment rights were barred as derivative. [#36, #38]. The court did not reach Defendants' independent argument that the original Complaint failed to allege sufficient facts as to GE to allow for maintenance of suit against GE on a vicarious liability theory. [#38]. Plaintiffs were permitted leave to file an amended complaint, and discovery was stayed unless and until Plaintiffs stated a viable claim. [#36, #38].

3

## II.   Plaintiffs' Amended Complaint.

On November 20, 2009, Plaintiffs filed their Amended Complaint. [#39]. The Amended Complaint included a defamation claim, and a Section 1983 claim again premised on purported violations of Plaintiffs' Fourth and Fourteenth Amendment rights. [*Id.* ¶¶ 125-136]. As to GE, Plaintiffs again alleged that GE owned a 80% stake in NBC Universal, and that Plaintiffs' counsel was told by a "highly placed" official of GE that "NBC's employees are considered employees of GE by the company." [*Id.* at ¶¶ 4, 56].

On November 20, 2009, Plaintiffs also filed a Motion to Compel, seeking to set the court's stay of discovery aside to compel disclosure of a discrete category of items: any tape recordings or transcripts of the footage taken by Mr. Eckert and Ms. Amorebieta at the October 2007 seminar. [#40] (the "Motion to Compel"). On January 7, 2010, this court denied the Motion to Compel. [#56].

On December 22, 2009, Defendants filed a renewed Motion to Dismiss Plaintiffs' Amended Complaint. [#49]. The Defendants again argued that Plaintiffs failed to plead facts sufficient to pierce the corporate veil as to GE, and also argued that GE could not be held liable for the actions of the employees of a subsidiary on a theory of *respondent superior*. [*Id.* at 47-49].

On January 11, 2011, the court found that Plaintiff's Amended Complaint failed to state a viable defamation claim as to any Defendant. [#77]. The court also found that Plaintiffs failed to adequately plead that any Defendant was a state actor for purposes of imposition of Section 1983 liability. [*Id.* at 19-24]. The court did not reach the issue of whether sufficient facts were pled as to GE to maintain suit against GE on a vicarious liability theory. [#77].

On January 27, 2011, Plaintiffs filed a notice of appeal. [#82]. On July 9, 2014, the Tenth Circuit ruled that Plaintiffs' Amended Complaint pled a viable defamation claim and that Plaintiffs were entitled to discovery of the unedited film of the seminar, but otherwise affirming this court's dismissal order as to the Amended Complaint. [#103]. The decision was docketed with this court that same day. [*Id.*]. In so ruling, the Tenth Circuit suggested that, on remand, "resolution of the defamation claim would not be particularly complicated," as "the judge or a properly instructed jury could view the Dateline segment as aired, compare it to what Clark said over the course of his two-day seminar and decide whether the aired program gave a false impression of his seminar; in other words, whether the segment was not substantially true." *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1132 (10th Cir. 2014). The Tenth Circuit did not reach the issue (undecided below) of whether Plaintiffs pled sufficient facts in their Amended Complaint to maintain suit against GE based on the actions of NBC Universal employees. *Id.* at 1125-50.

### III. Subsequent Relevant Procedural History and Instant Motion for Discovery

On August 18, 2014, Defendants filed an unopposed motion to set the deadline for Defendants to answer or otherwise move in response to Plaintiffs' Amended Complaint to September 12, 2014, which the court granted. [#105, #106]. On September 12, 2014, Defendants filed a Motion to Dismiss the Amended Complaint, or in the Alternative, for Summary Judgment ("Motion to Dismiss or for Summary Judgment" or "Motion"), of Plaintiffs' defamation claims as to all Defendants, and seeking dismissal of GE as a Defendant on the independent ground that the Amended

Complaint fails to state facts sufficient to hold GE liable for the actions of its subsidiary NBC Universal's employees. [#111].

On November 11, 2014, Plaintiffs filed their opposition to the pending Motion to Dismiss or for Summary Judgment. [#130]. On December 12, 2014, Plaintiffs filed an unopposed motion for a hearing for the Motion. [#137]. The Motion to Dismiss or for Summary Judgment, and the request for a hearing on that Motion, are currently before the Honorable Christine M. Arguello.

It was not until April 30, 2015 – more than six months after the Motion to Dismiss or for Summary Judgment was originally filed and more than four months after the Motion was fully briefed as of December 9, 2014 – that Plaintiffs filed the instant Motion for Discovery, invoking Fed. Rule Civ. P. 56(d) and requesting leave to pursue "discovery on fact issues relevant to GE's control of the business activities of its former 80% owned subsidiary NBC." [#139 at 1]. In response, Defendants contend that insofar as Defendants' pending Motion to Dismiss or for Summary Judgment seeks dismissal of GE on the ground that the Amended Complaint fails to plead facts sufficient to allow for imposition of vicarious liability as to GE on either an alter ego or *respondeat superior* theory, the challenge is based purely on the asserted insufficiency of the allegations in Plaintiffs' Amended Complaint—and that no discovery is necessary to resolve this facial challenge to Plaintiffs' pleadings. [#141].

**ANALYSIS**

**I.	Standard of Review**

To make the showing necessary to obtain relief pursuant to Fed. Rule Civ. P. 56(d), a party must do more than assert "that the evidence supporting [the party's] allegation is in the hands of the [opposing party]." *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir. 1985). Instead, the party invoking Rule 56(d) "must show how additional time will enable him to rebut [the] movant's allegations of no genuine issue of fact." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (citation and quotation omitted). The decision to grant additional discovery under to Rule 56(d) is within the district court's discretion. *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984); *see also Pfenninger v. Exempla, Inc.*, 116 F .Supp. 2d 1184, 1194 (D. Colo. 2000) ( "The district courts exercise discretion in deciding whether to grant a [Rule 56(d) ] motion."). "[I]f the party filing the Rule [56(d)] affidavit has been dilatory . . . , no extension will be granted." *Jensen*, 998 F.2d at 1554 (10th Cir. 1993) (denying request where "the record reflect[ed] that plaintiffs were dilatory in pursuing discovery prior to the filing of their [56(d)] affidavit"); *see also Patty Precision*, 742 F.2d at 1264-65 ("Furthermore, if the party filing the Rule [56(d)] affidavit has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted.").

Moreover, "discovery is not necessary to resolve a motion to dismiss for failure to state a claim for relief" because the court's "function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess" whether a viable claim for relief is present on the pleadings. *Sheldon v. Khanal*, 502 Fed. Appx.

765, 2012 WL 5860560 at *7 (10th Cir. 2012) (unpublished) (quotation omitted) (citing *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010)). One of the principal purposes of requiring a Plaintiff to state a plausible claim for relief is "to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of 'a largely groundless claim.'" *Pace v. Swerdlow*, 519 F.3d 1067, 1076 (10th Cir .2008) (Gorsuch, J., concurring) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

## II.   Application to Motion for Discovery

In response to the Motion for Discovery, Defendants correctly note that insofar as the pending Motion to Dismiss or For Summary Judgment seeks to challenge GE's vicarious liability, its attack is a facial one to the facts as pled in Plaintiffs' Amended Complaint pursuant to Fed. Rule Civ. P. 12(b)(6), and is not a motion for summary judgment pursuant to Rule 56 on the ground that there is no triable material issue of fact as to vicarious liability on the evidentiary record now before the court. [#141 at 6]. In addition, Defendants represented to both Plaintiffs and this court that they were willing to stipulate to the court's consideration of GE's vicarious liability as one pursuant to Rule 12(b)(6) – an analysis that is plainly based on the allegations set forth within the four corners of the Amended Complaint. Plaintiffs contend that their vicarious liability allegations as pled "provide a sufficient basis for denial of GE's improperly renewed Rule 12(b)(6) motion," [#139 at 2]. Because "discovery is not necessary to resolve a motion to dismiss for failure to state a claim for relief," *Sheldon*, 2012 WL 5860560 at *7 (citation and quotation omitted), and because Plaintiffs waited more than five years after GE first challenged the sufficiency of Plaintiffs' allegations as to GE's vicarious liability

to seek related factual discovery, I decline to order discovery that was belatedly requested and appears to be of marginal value.

## CONCLUSION

Based on the court's review of the papers and application of the pertinent case law, IT IS HEREBY ORDERED that the Motion for Discovery [#139] is DENIED.


DATED August 14, 2015.                BY THE COURT:


/*s/* Nina Y. Wang_____
United States Magistrate Judge