IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00717-CMA-BNB

BROKERS' CHOICE OF AMERICA, INC., and
TYRONE M. CLARK,

    Plaintiffs,

v.

NBC UNIVERSAL, INC.,
GENERAL ELECTRIC CO.,
CHRIS HANSEN,
STEVEN FOX ECKERT, and
MARIE THERESA AMOREBIETA,

    Defendants.

## OPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

Defendants, by their attorneys of record, move this honorable Court to enter judgment in their favor for reasonable attorneys' fees and costs incurred in defense of Plaintiffs' state tort law claims in this matter, as required by § 13-17-201, C.R.S. Specifically, Defendants request that the Court:

1. Reinstate the Court's prior award of $194,267.74, entered in connection with this Court's first dismissal of this action on January 1, 2011, pursuant to the Court's Order Granting in Part and Denying in Part Motion for Attorneys' Fees and Costs [Doc. 98] entered August 15, 2011 ("Prior Fee Award") (decision reported at 2011 WL 3568165 (D. Colo. September 13, 2011) (vacated on other grounds).

2. Award Defendants 70% of the fees incurred in defending Plaintiffs' appeal of this Court's judgment of dismissal as constituting the portion of such fees properly allocated to Plaintiffs' state law defamation claim, in the sum of $68,322.10.

    3.    Award Defendants 100% of the attorneys' fees reasonably incurred by Defendants in defending the state law defamation claim action after the remand by the Tenth Circuit, in the sum of $216,182.43.

    4.    Award Defendants costs in the sum of $5,620.26.

Defendants do *not* seek to recover (1) any fees associated with the defense of Plaintiffs' civil rights claim pursuant to 42 U.S.C. § 1983, (2) any fees for the work of in-house counsel, (3) any fees associated with this motion for the recovery of fees, (4) any fees for redacted time entries, or (5) any fees that have been written off or discounted.

The undersigned conferred with counsel for Plaintiffs concerning this motion, who advised that Plaintiffs oppose this motion.

## I. PERTINENT PROCEDURAL HISTORY

In the Prior Fee Award, this Court extensively reviewed the record and the applicable law and awarded Defendants the sum of $194,267.74, pursuant to § 13-17-201, C.R.S., as reasonable attorneys' fees incurred in defending Plaintiffs' state law claims, including fees incurred in connection with two motions to dismiss.[1]

In the ensuing appeal of the dismissal with prejudice, Plaintiffs urged, with respect to the defamation claim, that (1) they had plausibly alleged that the Report mischaracterized the Seminar and therefore was not substantially true, and (2) this

---

[1] The procedural history of this matter through the granting of the first two motions to dismiss and Plaintiffs' filing of a Notice of Appeal is fully set forth in the Prior Fee Award, pp. 1-4. Plaintiffs filed a *supersedeas* bond in the amount of 120% of the Award, and the Court subsequently stayed execution of the Award pending the outcome of the Tenth Circuit appeal. Order Granting Motion to Stay Execution of Judgment [Doc. 101]. When the Court's ruling on the defamation claim was reversed by the Tenth Circuit, the parties agreed that the Prior Fee Award would be vacated, without prejudice to Defendants requesting "the fees previously awarded, in the event of a future dismissal of Plaintiffs' defamation claim . . . under Rule 12(b)(6)." Plaintiffs' Unopposed Motion to Vacate [Doc. 108], ¶ 6; *see also* Order Granting Motion to Vacate [Doc. 110].

2

Court erred in disallowing discovery of the entire recording of the Seminar to support Plaintiffs' allegations. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1138-43 (10th Cir. 2014). Plaintiffs also appealed the dismissal of the civil rights claim.

The Court of Appeals affirmed this Court's dismissal of the civil rights claim (*Brokers' Choice of Am., Inc. v. NBC Universal, Inc.,* 757 F.3d at 1143-49), but reversed as to the dismissal of the defamation claim, holding (1) that the "factual basis of the complaint . . . is sufficient to state a plausible defamation claim" based on a mischaracterization of the Annuity University Seminar and (2) that the "factual allegations are sufficient to warrant discovery of the [Recordings]." *Id.* at 1140, 1143.

As the Court explains more fully in its Opinion and Order of September 29, 2015 dismissing this matter with prejudice [Doc. 147] ("Order of Dismissal") (reported at 2015 WL 5695886 (D.Colo. Sept 29, 2015), following remand, Defendants produced the Recordings, which then became Exhibit A to the Amended Complaint. Order of Dismissal at 6-7. Defendants moved to dismiss under Rule 12(b)(6) or, alternatively, 56, F.R.C.P. [Doc. 111], on the grounds that the Recordings demonstrated that the Report did not materially mischaracterize the Seminar. This Court granted that motion pursuant to Rule 12(b)(6).[2] Order of Dismissal at 38.

---

[2] The Court rejected Plaintiffs' arguments that the Court was required to apply Rule 56 in making the comparison between the Report and the entire recorded Seminar. Order of Dismissal at 5-7. As the Court noted, its comparison of the Report and the Seminar Recordings required no reference to matters outside the pleadings. Order of Dismissal at 7. *See also* Am. Compl. ¶¶ 14, 64 (incorporating complete recordings as Ex. A to the Amended Complaint) [Doc. 39]. Plaintiffs have now appealed the Order of Dismissal, but that appeal does not preclude this Court from ruling on this

3

## II. DEFENDANTS ARE ENTITLED TO A MANDATORY AWARD OF ATTORNEYS' FEES

As the Court explained in the Prior Fee Award, under Colorado law, which is applicable to Plaintiffs' defamation claim, when a court dismisses an action pursuant to any subsection of Rule 12(b), the defendant is entitled, as a matter of right, to an award of reasonable attorneys' fees and costs incurred in defending against state law tort claims.[3] § 13-17-201, C.R.S.  That statute provides:

> In all actions brought as a result of . . . an injury to person or property occasioned by the tort of any other person, where such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

The award is mandatory.  See *Crandall v. City of Denver*, 238 P.3d 659, 660 (Colo. 2010) (*en banc*) (fee award is mandatory upon dismissal pursuant to C.R.C.P. 12(b)); *State v. Golden's Concrete Co.*, 962 P.2d 919, 925-26 (Colo. 1998) (*en banc*) (fee award is mandatory when state law tort claims are dismissed).

This fee-shifting provision is fully applicable when state tort law claims are brought and dismissed in federal court.  *Jones v. Denver Post Corp.*, 203 F.3d 748, 756-57 (10th Cir. 2000) (§ 13-17-201 is substantive in nature and applies to state law claims brought in federal court on the basis of diversity of citizenship).  The statute

---

motion for fees and costs.  See, e.g., *Shrader v. Beann*, 503 F. App'x 650, 654-55 (10th Cir. 2012) (affirming award of fees pursuant to § 13-17-201, C.R.S., while appeal of dismissal was pending).

[3]  Defendants will not here reargue the applicability of the law to the facts surrounding the first two motions to dismiss and the general defense of this action.  As noted in the opening of this Memorandum, Defendants do not argue that the Court should apply the statute in any way inconsistent with its rulings in the Prior Fee Award.

4

applies when the dismissal occasioned by the defendant's Rule 12(b) motion involves both tort and non-tort claims. *See Torres v. Am. Family Mut. Ins. Co.*, 606 F. Supp. 2d 1286, 1292 (D. Colo. 2009). Although the statute does not apply to a claim under the Civil Rights Act, 42 U.S.C. § 1983, *State v. Golden's Concrete Co.*, 962 P.2d at 926, Defendants are entitled to recover all fees that were reasonably incurred in defending the defamation claim. *Dubray v. Intertribal Bison Coop.*, 192 P.3d 604, 607 (Colo. App. 2008). Recoverable fees are not limited simply to tasks required in preparing the motions to dismiss, but include fees for all tasks reasonably undertaken to defend the action. *Id.* ("Nor are we persuaded that defendants were entitled to recover only the attorney fees incurred in preparing the motion to dismiss. Section 13-17-201 does not so limit an award and instead expressly authorizes 'attorney fees in defending the action.'"). *See also General Steel Domestic Sales, LLC v. Denver/Boulder Better Business Bureau*, Case No. 1:07-cv-01145-DME-KMT (Ebel, J., Order of May 8, 2009) (copy previously submitted as Doc. 88-1).

Defendants are now entitled to an award that includes (1) the Prior Fee Award; (2) reasonable fees associated with the appeal of the dismissal of the defamation claim; (3) reasonable fees associated with the post-remand motion to dismiss the defamation claim; and (4) all related costs.

### III. LEGAL STANDARD FOR DETERMINATION OF THE AMOUNT OF THE AWARD OF FEES AND COSTS

Under prevailing law in the Tenth Circuit, to calculate a fee award the Court must (1) determine the number of hours reasonably spent by counsel for the party entitled to the award, (2) determine a reasonable hourly rate of compensation, and (3) multiply the

hourly rate times the number of hours reasonably expended to determine the amount of the award. *See Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 483 U.S. 711, 725 (1987); Prior Fee Award at 4. The same process is applied by Colorado courts under § 13-17-201, C.R.S. *See Balkin v. Telluride Mountain Title Co.*, 8 P.3d 581, 587-88 (Colo. App. 2000).

Factors to be considered in determining the reasonable number of hours expended include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task. Prior Fee Award at 4, citing *Rocky Mountain Christian Church v. Board of Cty. Comm'rs of Boulder Cty.*, No. 06-cv-00554-REB-BNB, 2010 WL 3703224, at *2-3 (D. Colo. Sept. 13, 2010). The reasonableness of the hourly rate to be applied to the time reasonably expended is the prevailing rate in the relevant community. Prior Fee Award at 5, quoting *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).

### IV. DEFENDANTS SHOULD BE AWARDED ALL FEES REASONABLY INCURRED IN DEFENDING THE STATE TORT CLAIMS

#### A. THE PREVIOUS FEE AWARD OF $194,267.74 SHOULD BE REINSTATED

This Court should now reinstate its Prior Fee Award [Doc. 98]. In that decision, this Court correctly applied § 13-17-201, C.R.S., to the state law claims in this diversity

action, and determined that Defendants were entitled to recover all attorneys' fees reasonably incurred in defending the action "not specifically dedicated to the civil rights claim." Prior Fee Award 7. The Court determined that 72.5% of the total fees incurred by Defendants in defending the action was a reasonable allocation to the defense of the state law tort claims. *Id*.13. It concluded that this allocation was reasonable particularly because the "state tort claims dominated this action, as evidenced by the briefing, motion hearings, and the Court's orders." *Id*. 13-14.[4] The Court further ruled that work by in-house counsel should not be compensated due to the absence of contemporaneous time records, time written off or otherwise discounted should not be compensated, redacted time entries should not be compensated and fees incurred in connection with the motion for attorneys' fees should be disallowed. *Id*. 13-18.

Although, as noted *supra*, the Prior Fee Award was set aside by stipulation of the parties after the Tenth Circuit's reversal of the dismissal of the defamation claim, that Award was vacated pursuant to Plaintiffs' unopposed motion declaring that Defendants reserved all rights to seek reinstatement of the Award upon the granting of a renewed motion to dismiss pursuant to Rule 12(b). *See* Doc. 108; *see also* n.1, *supra*. Both parties had the full opportunity to submit supporting and opposing papers, including plaintiffs' sur-reply, and there is no reason to repeat that process. Accordingly, the Court should reinstate its award of $194,267.74 based upon the papers previously

---

[4] The Court took note of the number of pages in the parties' briefing and the Court's decisions allocated to both the tort and civil rights claims. Prior Fee Award 13.

submitted.  See *Dubray*, 192 P.3d at 607 (section 13-17-201 requires award of all fees incurred in defending the action).

Plaintiffs have advised that they will oppose the reinstatement of the Prior Fee Award, at least in part because the underlying Rule 12(b) dismissal was reversed. Declaration of Thomas B. Kelley ("Kelley Decl."), ¶ 14, filed herewith (describing communications with Plaintiffs' counsel).  However, that reasoning is faulty for a number of reasons.  First, the statute speaks in much broader terms, providing that the fees recoverable are those incurred "in defending the action."  *See also Dubray*, 192 P.3d at 607.  The fact that the Tenth Circuit reversed the 2011 dismissal does not diminish the fact that the work aimed at achieving that dismissal (and defending it on appeal) was reasonable in  "defending the action."  *See* § 13-17-201, *et seq.*, C.R.S.  Indeed, the resolution of each of the previous motions to dismiss led directly to the resolution of the latest motion, which was, again, successful.

Moreover, plaintiffs did not appeal the court's initial dismissal of the three non-defamation state law claims – trespass, fraud and intrusion – but dropped them voluntarily, even though given leave to replead.  And, finally, all work in defense of the defamation claim undertaken after the 2010 without-prejudice dismissal of the original Complaint – the further motion practice, the appeal, and the post-remand motion practice – was made necessary only by Plaintiffs' now demonstrably false allegations in the Amended Complaint concerning the information imparted in their own Seminar, which were false when they were written.  Clearly, all of the work related to defending the state law claims throughout this case was incurred "in defending the action," and

8

there is no injustice in requiring Plaintiffs to pay for that defense from start to finish.

     B.     DEFENDANTS ARE ENTITLED TO AN AWARD OF THE FEES INCURRED IN DEFENDING PLAINTIFFS' APPEAL OF THIS COURT'S RULINGS RELATED TO THE DEFAMATION CLAIM

The fees incurred by Defendants in defending Plaintiffs' appeal of the dismissal of the defamation claim were also incurred "in defending the action." The only question presented by this phase of the defense is the allocation of the work on appeal between the defamation and civil rights claims.

Defendants ask the Court to allocate 70% of the fee award for the appeal to the state law defamation claims. *See* Kelley Decl. ¶ 12. This is not only more conservative than this Court's allocation of 72.5% of the work to the state law claims made in the Court's Prior Fee Award, but is also consistent with the criteria used by the Court to reach that allocation. *See* Prior Fee Award [Doc. 98] at 13-14.

First, of 47 pages of the argument contained in the Defendants' Answer Brief on appeal, 31 (68%) were dedicated to the defamation claim, and only 16 (32%) to the civil rights claim. *See* Kelley Decl. ¶ 12.a & Exs. A-C. Issues related to the defamation claim dominated the 11-page Statement of the Case in the Answer Brief, only two paragraphs of which addressed matters pertinent to the civil rights claim. *Id.* ¶ 12.b. Defamation issues also dominated the oral argument. Indeed, 96.4% of Plaintiffs' time was spent on defamation issues and only 3.6% on the civil rights claim. *Id.* ¶ 12c. Of the Defendants' argument, 87.6% was devoted to the defamation claim, and only 12.4% to the civil rights claim. During the entire 33-minute argument, only 2.73 minutes or 8.3% was devoted to the civil rights claim. *Id.* Finally, many of the time entries include

tasks that are generally required in an appeal and would have been required of defense counsel even if the civil rights claim were not present.[5]  *See* Kelley Decl. ¶ 12d.

Accordingly, Defendants request that this Court allocate 70% of the time reasonably expended by defense counsel on the appeal to the defense of the defamation claim.

C. DEFENDANTS ARE ENTITLED TO RECOVERY OF THEIR FEES REASONABLY INCURRED IN PREPARATION AND PROSECUTION OF THE RULE 12(b) MOTION THAT RESULTED IN THE 2015 DISMISSAL OF THE DEFAMATION CLAIM

All of the time reasonably expended by defense counsel in litigation of the most recent Rule 12(b) motion was incurred in defense of the single remaining claim of defamation and must be allowed.

V. THE NUMBER OF HOURS REASONABLY REQUIRED IN DEFENSE OF THE DEFAMATION CLAIM

This Court has characterized this case as "highly contentious and strategically complex."  *O'Brien v. Airport Concessions, Inc.*, No. 13-cv-01700-CMA-BNB, 2015 WL 232191, at *3 (D. Colo. Jan. 16, 2015).  Defendants believe that characterization should inform the Court's determination of the number of compensable hours expended by defense counsel.

Defendants seek compensation for the sums set out in the charts below and in the Kelley Declaration.  Defendants have contemporaneously provided the Court with a spreadsheet showing each of the Levine Sullivan Koch & Schulz ("LSKS") attorneys'

---

[5] By subjecting all time entries undedicated to either the defamation or the civil rights claim to the 70%/30% allocation, Plaintiffs are in effect given a credit for 30% of the value of these fully compensable general tasks.

time entries for which compensation has been sought.  Kelley Decl. ¶ 10 & Ex. D. These descriptions and time entries have been extracted verbatim from LSKS billing statements to NBC Universal, Inc.  They identify the timekeeper, the date, and state the complete description of the task performed.  *See id.*  The time entries were contemporaneously recorded by LSKS timekeepers as they performed their tasks. Kelley Decl. ¶ 10.  Mr. Kelley's Declaration attests to the reasonableness of the time expended on the tasks required of the Defendants in defending the appeal and prosecuting the post-remand Motion to Dismiss that was granted by the Court on September 29, 2015.  *Id.* ¶¶ 14-15.

For hours billed for the appeal excluding work dedicated to civil rights claim, Defendants seek compensation for 139.0 hours by LSKS senior partner Thomas B. Kelley, 76.0 hours by senior partner Gayle C. Sproul, and 22.0 hours by legal assistants, *see* Kelley Decl. ¶ 17 (containing table).  Of this time totaling 237.0 hours, Defendants seek reimbursement for 70% or 165.9 hours.  *Id.*

For hours billed for defense of the defamation claim after remand, Defendants seek compensation for 111.8 hours of work by Mr. Kelley, 157.8 hours by Ms. Sproul, 270.6 hours by associate attorney Matthew E. Kelley, and 25.0 hours by legal assistants, for a total of 565.2 hours.  *Id.*

As the Court may note from its own experience, the time expended in the briefing and presentation of oral argument in an appeal of such complexity of 237 hours for all timekeepers is reasonable.  The Court is also well aware from conducting its own analysis that the post-remand motion was complex, and reasonably required

preparation of demonstrative exhibits analyzing and distilling for the Court the Plaintiffs' two-day Seminar, along with briefing the issues in the motion and reply brief.  This phase also included responses to Plaintiffs' motion for discovery regarding the vicarious liability of Defendant General Electric Co. and objections to this Court protesting the denial of that motion by Magistrate Judge Wang.  In the end it was clear that Plaintiffs' papers lacked merit, but in any event were "maneuvering" by an opponent that generated considerable expense.  The total of 565.2 hours by all timekeepers (295.6 of which were contributed by low-rate timekeepers) was a reasonable expenditure of time under the circumstances.

All of the hours were billed to the Defendants and do not include any of the items that this Court indicated in the Prior Fee Award are not compensable under § 13-17-201, C.R.S.  Kelley Decl. ¶ 11.

## VI.  THE HOURLY RATES SOUGHT BY DEFENDANTS ARE REASONABLE

The hourly rates that LSKS charged the Defendants were as follows:

| Timekeeper | Hourly Rate | Effective Date |
|---|---|---|
| Thomas B. Kelley | $445 | 1/1/11 |
| | $455 | 2/1/12 |
| | $485 | 2/1/14 |
| | $500 | 2/1/15 |
| Gayle C. Sproul | $445 | 1/1/11 |
| | $455 | 2/1/12 |
| | $485 | 2/1/14 |
| | $500 | 2/1/15 |
| Matthew E. Kelley | $315 | 2/1/14 |
| Legal Assistants | $50[6] | |

---

[6] In 2014, NBC authorized LSKS to raise its accommodation paralegal rate of $50 to a market rate of $155 per hour.  To avoid complication, the Defendants seek

12

Defendants have submitted not only the testimony of defense counsel as to reasonableness of the LSKS hourly rates, but have also cited to the Court cases in which hourly rates equal to or in excess of those requested by the Defendants have been awarded in litigation of similar or less complexity.  Kelley Decl. ¶¶ 7, 15.  Accordingly, Defendants respectfully request that the Court apply the above rates in computing the amount of the attorneys' fee award.

### VII. THE COURT SHOULD AWARD DEFENDANTS THE SUM OF $478,772.27 FOR ATTORNEYS' FEES INCURRED IN DEFENDING THE DEFAMATION AND OTHER TORT CLAIMS IN THIS ACTION

The Court should award Defendants' their attorneys' fees computed as follows:

| PRIOR FEE AWARD | $194,267.74 |
|---|---|

**HOURS BILLED FOR APPEAL,
AFTER EXCLUDING WORK THAT TIME RECORDS INDICATE WAS
DEDICATED TO CIVIL RIGHTS CLAIM**

| Timekeeper | Hours | Value of Hours |
|---|---|---|
| Thomas B. Kelley | 139.0 | $61,991.00 |
| Gayle C. Sproul | 76.0 | $34,512.00 |
| Legal Assistants | 22.0 | $1,100.00 |
| TOTAL | 237 | $97,603.00 |
| **70% of TOTAL** | **165.9** | **$68,322.10** |

---

compensation only at the accommodation rate of $50 that was charged prior to 2014.  Kelley Decl. ¶ 4.

**HOURS DEDICATED TO DEFENSE OF
DEFAMATION CLAIM REMAINING AFTER REMAND**

| Timekeeper | Hours | Value of Hours |
|---|---|---|
| Thomas B. Kelley | 111.8 | $54,142.50 |
| Gayle C. Sproul | 157.8 | $76,382.50 |
| Matthew E. Kelley | 270.6 | $85,239.00 |
| Legal Assistants | 25.0 | $3,834.50 |
| **SUB-TOTAL** | **565.2** | **$219,598.50** |
| Less discounts LSKS afforded to NBC | | ($3,416.07) |
| **TOTAL** | | **$435,780.93216,182.43** |

| | | |
|---|---|---|
| **GRAND TOTAL** | **731.1** | **$478,772.27** |

**VIII.   THE COURT SHOULD AWARD THE DEFENDANTS THEIR COSTS**

The Court should award the Defendants their incurred costs as follows (*see* Kelley Decl. ¶ 19):

| Invoice | Description | Amount |
|---|---|---|
| December 2011 | DVD duplication for court filing | $438.60 |
| | Duplication/printing costs (Tenth Circuit brief) | $286.02 |
| November 2014 | DVD copying for complete recordings of Seminar | $2,384.64 |
| December 2014 | DVD transcription fees | $2,511.00 |
| **TOTAL** | | **$5,620.26** |

WHEREFORE, Defendants pray that the Court enter judgment in their favor for $478,772.27 for attorneys' fees and $5,620.26 for costs, for a total judgment of $484,392.53.

Respectfully submitted this __26th__ day of October, 2015,

By: *s/ Thomas B. Kelley*

| | |
|---|---|
| Gayle C. Sproul<br>LEVINE SULLIVAN KOCH & SCHULZ, LLP<br>1760 Market Street<br>Suite 1001<br>Philadelphia, PA 19103<br>Phone – (215) 988-9778<br>Fax – (215) 988-9750<br>Email:  gsproul@lskslaw.com | Thomas B. Kelley<br>LEVINE SULLIVAN KOCH & SCHULZ, LLP<br>1888 Sherman Street, Suite 370<br>Denver, Colorado  80203<br>Phone – (303) 376-2400<br>Fax – (303) 376-2401<br>Email: tkelley@lskslaw.com<br><br>*Attorneys for Defendants*<br>**NBC UNIVERSAL, INC., GENERAL ELECTRIC CO., CHRIS HANSEN, STEVEN FOX ECKERT and MARIE THERESA AMOREBIETA** |

## CERTIFICATE OF SERVICE

      I hereby certify that on this  26th  day of October 2015, I electronically filed the foregoing **OPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO THE COURT'S DISMISSAL OF THIS ACTION PURSUANT TO RULE 12(b), FED. R. CIV. P.** with the Clerk of the Court using the CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

                                                                              */s  Thomas B. Kelley*