IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-00717-CMA-NYW

BROKERS' CHOICE OF AMERICA, INC., and
TYRONE M. CLARK,

    Plaintiffs,

v.

NBC UNIVERSAL, INC.,
GENERAL ELECTRIC CO.,
CHRIS HANSEN,
STEVEN FOX ECKERT, and
MARIE THERESA AMOREBIETA,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**

---

This matter is before the Court on Defendants' Motion for Award of Reasonable Attorneys' Fees and Costs (Doc. # 154).  Plaintiffs responded to this motion on December 18, 2015, (Doc. # 159) and Defendants filed a reply on January 22, 2016. (Doc. # 163.)  For the following reasons, the Court grants in part and denies in part Defendants' Motion.

    **I.    BACKGROUND**

On March 31, 2009, Plaintiffs filed a complaint in this Court asserting state tort law claims for defamation, trespass, fraud, and intrusion, and a violation of their civil rights under 42 U.S.C. § 1983.  On June 1, 2009, Defendants filed a motion to dismiss.

On October 22, 2009, the Court held a hearing on Defendant's motion and granted Defendants' Motion to Dismiss without prejudice.  Plaintiffs then filed an Amended Complaint that alleged only the state tort claim for defamation and the civil rights claims under § 1983. (Doc. # 39.)  Defendants then filed a Motion to Dismiss the Amended Complaint.  (Doc. # 49.)  The Court granted the motion on January 1, 2011, and dismissed the case with prejudice.  (Doc. # 77.)  Defendants moved for attorney fees in the amount of $303,135.50 for obtaining dismissal of the state law claims and $118,602.00 for their work obtaining dismissal of the civil rights claim. (Doc. # 88.)  The Court granted in part Defendants' motion for attorney fees awarding Defendants $194,267.74. (Doc. # 98.)

Plaintiffs filed a Notice of Appeal on January 27, 2011. (Doc. # 82.)  On July 9, 2014, the Tenth Circuit affirmed this Court's dismissal of Plaintiffs' civil rights claims, but reversed this Court's dismissal of the defamation claim.  *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143-49 (10th Cir. 2014).  Following this ruling, Plaintiffs moved this Court, by unopposed motion, to have the award of attorney fees vacated.  (Doc. # 108.)  Defendants reserved their rights to seek an award of reasonable attorneys' fees, including the fees previously awarded, in the event of a future dismissal of Plaintiffs' defamation claim.  *Id*. at 3.

On remand, Defendants again moved to dismiss under Rule 12(b)(6) or, alternatively Rule 56.  (Doc. # 111.)  This Court again granted Defendant's motion

2

pursuant to Rule 12(b)(6).  (Doc. # 147.)  At no time was any discovery conducted in this case.

Currently before the Court is Defendants' motion for attorney fees.  Defendants request that this Court reinstate the prior award of $194,267.74, award Defendants $68,322.10 for their fees incurred on appeal, and award them the $216,182.43 for the fees they have incurred since remand for a total of $478,772.27.  Defendants also seek their costs in the amount of $5,620.26.

## II.     LEGAL STANDARD

Colorado law requires the trial court to award reasonable attorney fees to a defendant when it obtains dismissal of a tort action under Rule 12(b).  Specifically, Colorado statute provides:

> In all actions brought as a result of . . . an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

Colo. Rev. Stat. § 13-17-201; s*ee also Crandall v. City of Denver*, 238 P.3d 659, 662 (Colo. 2010) (fee award is mandatory upon dismissal of tort action pursuant to C.R.C.P. 12(b)). The Colorado legislature enacted the statute to "discourage unnecessary litigation of tort claims." *Houdek v. Mobil Oil Corp*., 879 P.2d 417, 424 (Colo.App.1994).

As a general rule in diversity cases, if "state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state,

should be followed." *Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1177 (10th Cir. 2000) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n. 31 (1975)). Accordingly, the Court applies state law in determining the reasonableness of the attorney fees in this case.

A party seeking attorney fees bears the burden of proving by a preponderance of the evidence that it is entitled to such an award. *Kinsey v. Preeson*, 746 P.2d 542, 551-52 (Colo. 1987). A court makes an initial estimate of a reasonable attorney fee by calculating the lodestar amount. *Tallitsch v. Child Support Servs., Inc.*, 926 P.2d 143, 147 (Colo. App. 1996). The lodestar amount represents the number of hours reasonably expended on the case, multiplied by a reasonable hourly rate. *Id*. The court's calculation of the lodestar carries with it a strong presumption of reasonableness. *Payan v. Nash Finch Co.*, 2012 COA 135, ¶ 18 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

An award of attorney fees, however, must be reasonable. *Hartman v. Freedman*, 591 P.2d 1318 (Colo. 1979)(en banc). When, as here, a statute providing for a fee award does not furnish a specific definition of "reasonableness," the amount must be determined in light of all the circumstances, based upon the time and effort reasonably expended by the prevailing party's attorney. *Tallitsch*, 926 P.2d at 147. The determination of reasonableness is a question of fact for the trial court and will not be disturbed on review unless it is patently erroneous and unsupported by the evidence.

*Pierce v. Nier*, 138 Colo. 402, 334 P.2d 440 (1959).  In determining reasonableness, the court may adjust the lodestar amount based on the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

Colo. RPC 1.5; *People v. Shifrin*, 2014 COA 14, ¶ 113, 342 P.3d 506, 526 (Colo. App. 2014).

In addition to its reasonable attorney fees, a defendant which succeeds in having a tort claim dismissed under Rule 12(b) is also entitled to its costs.  C.R.S. § 13-16-113 (2).  Similar to the award of attorney fees, the award of costs is mandatory. *Crandall v. City of Denver*, 238 P.3d 659, 662 (Colo. 2010).

### III.   ANALYSIS

Defendants have sought $706,242.03 in attorney fees in this fairly straight-forward case that was dismissed at the pleading stage.  No discovery was conducted.  Not a single deposition was taken.  Not a single discovery pleading was propounded or responded to.  There were a total of three hearings conducted at the trial court level and one Tenth Circuit argument that lasted approximately 33 minutes.  Moreover, this was not a class case, nor was it a complicated case.  All of the allegations in this case stem

from a single Dateline program that contained hidden camera video taken during a two day seminar.  While the case initially contained five claims, on remand, the case involved a single claim of defamation.  Despite this, Defendants have sought from this Court significantly more in fees than this Court typically sees in a case where significant discovery was conducted and the case was tried to a jury.

This Court previously awarded Defendants an extremely generous award of $194,267.74 for its work obtaining a 12(b) dismissal of this case.  The initial stage of litigation for which these fees were awarded consisted solely of two motions to dismiss, a 35 minute hearing on the first motion to dismiss, a motion to stay discovery, a telephonic hearing on Defendants' motion to stay discovery, a motion to compel discovery, and a 47 minute hearing on the motion to compel discovery.

For their work on remand, Defendants now seek an additional $216,182.43.  While the proceedings pre-appeal involved three hearings, the proceedings on remand involved no hearings.  Further, while the initial proceedings in this Court involved two motions to dismiss, the proceedings on remand involved only one motion to dismiss.  While the initial motions to dismiss had to respond to five claims, the motion to dismiss on remand involved a single defamation claim.  As in the initial proceedings, no discovery was conducted.  Despite this, Defendants seek even more money for attorney fees than the Court granted during the initial proceedings.

A. **Hourly Rate**

To determine a reasonable hourly rate, courts look to the rates charged by attorneys of comparable skill, experience, and reputation in light of community standards in a reasonable community. *Anderson v. Pursell*, 244 P.3d 1188 (Colo. 2010).

The rates Defendants seek for the work on appeal and remand as follows:

| Timekeeper | Hourly Rate | Effective Date |
|---|---|---|
| Thomas B. Kelley | $445 | 1/1/11 |
| | $455 | 2/1/12 |
| | $485 | 2/1/14 |
| | $500 | 2/1/15 |
| Gayle C. Sproul | $445 | 1/1/11 |
| | $455 | 2/1/12 |
| | $485 | 2/1/14 |
| | $500 | 2/1/15 |
| Matthew E. Kelley | $315 | 2/1/14 |
| Legal Assistants | $50 | |

This Court previously approved an hourly rate of $425 for Mr. Kelly and Ms. Sproul, and an hourly rate of $285 for a second year attorney at the firm. (Doc. # 98.) Defendants have requested another $75 per hour for the partners and $30 for the second year attorney. First, other than a its own *ipse dixit* and few case citations to cases in this District, Defendants have provided no evidence that counsel's claimed rates are customary or reasonable in this community. As this Court previously explained in its last fee award in this case, the Supreme Court has stated that the party seeking attorneys' fees bears the burden of producing "satisfactory evidence – **in**

**addition to the attorney's own affidavits** – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 885, 896 n.11 (1984) (emphasis added); *see* Doc. # 98 at p. 20. The case citations Defendants provide do not provide enough information for the Court to determine if the fees awarded therein were for lawyers of "reasonably comparable skill, experience, and reputation."[1]

Second, the Court was already extremely generous with its award of an hourly rate of $425 and $285. See e.g., *Scott v. City and County of Denver*, No. 12–cv–53–MSK–BNB, 2014 WL 287558 (D.Colo. Jan. 24, 2014) (finding that rates of $440 per hour (20 years' experience) and $290 (eight years' experience) were "at the very outer edge of what might be considered 'reasonable' in the Denver market." Id. at *2); see also *Colorado Hospitality Services Inc. v. Owners Insurance Company United States District Court*, 154 F.Supp.3d 1173, 1182 (D. Colo. 2015) (finding requested rate of $500 for lead counsel to be excessive and reducing the rate to $400); *Hitchens v. Thompson National Properties, LLC*, No. 12–cv–2367–LTB-BNB, 2014 WL 2218094, at *2-3 (D. Colo. May 29, 2014) (rates of $430 per hour (30 years' experience), $405 per hour (20 to 25 years' experience), and $250 per hour (eight years' experience) reasonable); *Jankovic v. Exelis, Inc.*, No. 12–cv–01430–WJM–KMT, 2013 WL 1675936,

---

[1] A few of the cases cited by Defendants actually disprove that they are relevant. For example, *Nero v. Am. Family Mut. Ins. Co.*, No. 11-cv-02717-PAB-MJW, 2013 WL 5323191, *9 (D. Colo. Dec. 23, 2013) was a class action and the attorney who was awarded $500 was an attorney experienced in class actions. Thus, the hourly rates awarded in that case are not applicable in this single issue defamation case.

at *4 (D. Colo. April 17, 2013) ($430 was a reasonable rate for an attorney with more than 35 years of experience in employment and labor law); *Nova Leasing, LLC v. Sun River Energy, Inc.*, No. 11–cv–00689–CMA–BNB, 2013 WL 1302265, at *3 (D. Colo. March 28, 2013) (noting that $450 is a reasonable hourly rate for an attorney with over 23 years of experience in business litigation and securities fraud cases). Thus, this Court will not allow more than the hourly rates previously requested: $425 for Mr. Kelly and Ms. Sproul, and $285 for Mr. Matthew Kelly. The Court will allow the $50 per hour for the paralegal.[2]

### B. Reasonableness of the Hours Expended

Plaintiffs argue, without providing any supporting legal authority, Defendants are not entitled to the fees they expended on their unsuccessful appeal. Plaintiffs are incorrect. The law is clear that in awarding attorney fees, the question is the ultimate result, not each step along the way. *See, e.g., Cabrales v. County of Los Angeles*, 935 F.2d 1050 (9th Cir.1991) ("[A] plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage."); *Alizadeh v. Safeway Stores, Inc.*, 910 F.2d 234 (5th Cir. 1990) (awarding attorneys' fees for the entire course of the litigation of a claim, including for time spent on an unsuccessful appeal, where the party ultimately prevailed on the merits of the litigation*); see also Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) ("counsel are entitled to an award of fees for all time reasonably expended in pursuit of

---

[2] The Court notes, however, that Defendants have appeared to charge $150 for the paralegal on remand. (Doc. # 154 at p. 14 (stating value of 25 hours of paralegal time to be $3834.50)). The Court assumes this was just a typographical error.

the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter"). Thus, Defendants are entitled to reasonable fees they incurred on appeal, notwithstanding the fact that they lost on appeal.

Plaintiffs also complain that Defendants have engaged in block billing and thus it is difficult to ascertain how much time is attributable to individual tasks. The Court agrees. Throughout its billing records, Defendants have included multiple entries on completely different tasks, making it difficult to determine how much time was allotted to specific tasks. Defendants do not disagree that they have block-billed. Instead, Defendants argue, citing to an unpublished Tenth Circuit opinion, that "the Tenth Circuit permits fee awards based on bills containing such entries." While it is true that the Tenth Circuit does not mandate a reduction of fees due to block billing, it is clear that the Tenth Circuit allows district courts to discount requested hours for this practice. *See e.g., Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000) (citing *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir.1983)). Moreover, the Colorado courts similarly explained that the "trial court is vested with discretion to make a percentage reduction for block billing." *Payan v. Nash Finch Co.*, 310 P.3d 212, 218 (Colo. App. 2012) (affirming a 20% across the board reduction for block billing). Based on Defendants' significant use of block billing – even after being warned about this practice in the prior briefing concerning its request for fees pre-remand -- the Court finds that an across-the-board deduction of 20% is warranted.

Plaintiffs also complain that the number of hours Defendants have billed on remand is not reasonable. As the Court has previously explained, the Court finds that the fees Defendants spent on remand arenot reasonable considering that no discovery was conducted, no hearings were held, and only two motions were briefed. Indeed, the only briefing by Defendants consists of the motion to dismiss, which was 28 pages (Doc. # 111), a reply to the motion to dismiss, 15 pages (Doc. # 135), a response to Plaintiffs' motion for discovery, 8 pages (Doc. # 141), and a response to Plaintiffs' motion for reconsideration on that discovery motion, 14 pages (Doc. # 145). Because the only work done in this case was the above briefing of 65 pages, Defendants are essentially seeking $3,325.88 for each page of briefing they submitted in this case.

This Court's job is to determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation. *Ramos v. Lamm*, 713 F.3d 546 (10th Cir. 1983). As the Tenth Circuit has explained, there is a difference with "raw" and "billable" time:

> Compiling raw totals spent, however, does not complete the inquiry. It does not follow that the amount of time actually expended is the amount of time reasonably expended. In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

*Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (10th Cir. 1980).

In this case, Defendants' fee bill is replete with examples of failure to exercise billing judgment. The following are just a few examples:

11

1) In reviewing Defendants time records it appears that the associate attorney billed 160 hours drafting the motion to dismiss – an entire month of 8 hours days of non-stop work. In addition, a partner in the firm billed 77.6 hours (nearly two solid weeks of work) drafting and editing the same brief. And then, on top of all that, another partner reviewed and edited the motion for another 14.2 hours. There is no reason it should take more than 250 hours of attorney time to draft a 28 page brief -- especially when that motion involves dismissing a single state law claim – the same claim that the Defendants had previously briefed in two prior motions to dismiss. This is by definition an example of unreasonable billing.

2) Defendants have billed .3 hours or 18 minutes by a partner billing $500/hour to review a one-sentence order by the Magistrate Judge. (Doc. # 142.)

3) Both partners bill for the same item on August 14, 2015: One partner bills .9 hours for "reviewing and analyzing ruling on plaintiff's motion for discovery and forwarding to the client"' and the other partner bills .5 hours for reviewing the same order and "exchanging emails with the client concerning the same." (Doc. # 154-5 at pp. 13 and 29.)

4) A partner billing at $500 per hour bills for tasks that could readily be performed by a first year attorney, such as drafting a motion for leave to submit additional pages and a motion to strike the opposing party's brief for violating the page limits. *See, e.g., Hernandez v. Grullense*, 2014 WL 1724356, at *11 (N.D. Cal. Apr. 30, 2014) ("The trade-off for the higher billing rate that greater experience and specialized knowledge

justifies is that more senior attorneys are expected to delegate routine tasks to others with lower billing rates"). Due to the block billing by Defendants' attorneys, it is impossible to determine how much time was spent on these tasks.

Given Defendants' obvious failure to exercise billing judgment, as well as the Court's duty to "exclude from [the] initial calculation hours that were not 'reasonably expended… including [deducting] for hours that are "excessive, redundant, or otherwise unnecessary." *Payan v. Nash Finch Co.*, 2012 COA, ¶ 23, 310 P.3d 212 (quoting *Hensley*, 461 U.S. at 434), this Court finds that Defendants' bills are unreliable for determining the amount of time actually required for obtaining the dismissal on remand. Indeed, despite conducting significant research, this Court was unable to find a single case awarding more than $75,000 for obtaining dismissal of a case at the pleading stage. On the other hand, there were numerous cases where the defendant sought well less than that for obtaining the dismissal of a case. See e.g., *Walters v. Townsend Farms, Inc.,* No. 13-cv-2730-CMA-CBS, 2015 WL 557178 (D. Colo. Feb. 9, 2015) (defendant sought $36,379 in attorney fees for a motion to dismiss, reply brief and hearing); *Deatley v. Allard*, No. 14-cv-00100-RM-KMT, 2015 WL 1740368 (D. Colo. April 13, 2015) (one defendant sought $35,057.50 in fees and another defendant $44,816.80 for a case that involved 16 months of litigation including briefing a motion to dismiss, preparing discovery, preparing and negotiating a change of venue, and responding to a motion to stay); *Arabalo v. City of Denver*, 11-cv-2343-MSK-MEH, 2014 WL 2459698 (D. Colo. June 2, 2014) (court awards $19,714 as a reasonable attorney

fee where defendant sought $21,714 for obtaining dismissal pursuant to C.R.S. § 13-17-201); *Nero v. American Family Mut. Ins. Co*., 11–cv–02717–PAB–MJW, 2013 WL 5323191, at *1 (D. Colo. Sept. 23, 2013) (seeking $52,258 for obtaining dismissal of class action); *Wright v. Twin City Fire Ins. Co*.,11-cv-03181-KLM, 2013 WL 511984, at *8 (D. Colo. Feb. 12, 2013) (although Defendants sought $50,700 in fees for obtaining a partial dismissal, court awarded $25,000 given the early stage of the case); *Meadows at Buena Vista, Inc. v. Arkansas Valley Pub. Co*., 2012 WL 4442737, at * 5 (D. Colo. Sept. 26, 2012 (defendants sought and were awarded $60,229 in fees); *Guarneros v. Deutsche Bank Trust Co. Am*., 08-cv-01094-PAB-KLM, 2009 WL 1965491, at *7 (D. Colo. July 7, 2009) (attorneys stated that fees for litigating motion to dismiss were $20,700.25 for one defendant and $14,375 for the other); *Torres v. American Family Mut. Inc. Co*., 606 F.Supp.2d 1286 (D. Colo. 2009) (defendant sought and was awarded $4,222.50 for obtaining dismissal of a negligence claim in insurance dispute); *Gipson v. Southwestern Bell Tel. Co*., 2008 WL 4307617 (D. Kan. July 18, 2008) (defendants incurred $24,674 in attorney's fees in preparing motion to dismiss and reply briefs); *TMJ Implants, Inc. v. Aetna, Inc*., 2006 WL 521808 (D. Colo. Mar. 2, 2006) (awarding $13,701.50 in fees pursuant to Colo.Rev.Stat. § 13-17-201 to each defendant for obtaining dismissal of defamation claim).

Thus, this Court finds that a quarter of the hours requested by Defendants is a more reasonable amount to award. At the hourly rates set out above, this results in an award of $48,195, which is in-line with the awards in other cases. Due to this reduction

in the hours requested, the Court sees no need to further reduce the lodestar to account for the block billing for this portion of the fees requested.

In conclusion, the Court determines that Defendants should be compensated as follows for successfully having this case dismissed on a Rule 12(b):

1. The Court reinstates its prior award of $194,267.74;

2. The Court awards $51,786 for the fees on appeal, which consists of all of the hours requested by Defendants but multiplied by the hourly rate of $425, with a 20% reduction for block billing; and

3. The Court awards $48,195 for attorney fees incurred on remand.

### C. Costs

Defendants also seek costs in the amount of $5,620.26 for costs associated with its appeal to the Tenth Circuit and its costs for copying and transcribing the DVD for purposes of the motion to dismiss on remand.

Plaintiffs object to the costs because Defendants have failed to submit invoices, because these costs are allowable pursuant to 42 U.S.C. § 1920, because Defendants have not established that these costs were necessarily expended, and because, with respect to the costs associated with the appeal, Defendants did not succeed on appeal.

Plaintiffs rely on federal law in support of their arguments. However, in this diversity case, C.R.S. § 13-16-113 (2) applies, which mandates an award of costs. Unlike 42 U.S.C. § 1920, the Colorado Revised Statutes do not limit the type of costs that can be recovered. Rather, the award of costs is committed to the sole discretion of

the trial court. *Infant Swimming Research, Inc. v. Faegre & Benson*, *LLP*, Nos. 07-1510, 08-1235, 08-1484, 2009 WL 1598452, at *9 (10th Cir. June 9, 2009) (unpublished) (quoting *City of Westminster v. Centric–Jones Constructors*, 100 P.3d 472, 487 (Colo. App. 2003)).

The Court finds that the costs requested by Defendant are reasonable. First, Defendants have submitted invoices supporting all of the requested costs save the printing costs for the Tenth Circuit brief ($286.02) with their reply brief. Second, contrary to Plaintiffs' argument to the contrary, the Court finds that the costs for copying and transcribing the DVD were necessarily obtained for use in this case. Indeed, the Court relied both on the actual DVD and the transcripts when ruling on Defendants' motion. Finally, with respect to the costs associated with the appeal, these costs were incurred during a necessary step to Defendants' ultimate success in obtaining dismissal of this case.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that Defendants are awarded attorney fees in the total amount of $294,248.74.

It is FURTHER ORDERED that costs shall be taxed in the amount of $5,620.26.

DATED:  September 22, 2016          BY THE COURT:

_(signature)_

CHRISTINE M. ARGUELLO
United States District Judge